COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


TONY ORLANDO HUGHES
                                          OPINION BY
v.    Record No. 2696-99-1          JUDGE NELSON T. OVERTON
                                       SEPTEMBER 12, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                Christopher W. Hutton, Judge

        Charles E. Haden for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Tony Orlando Hughes, appellant, was convicted of possessing

marijuana with the intent to distribute it within 1,000 feet of

school property, in violation of Code § 18.2-255.2.  On appeal, he

contends the evidence was insufficient to support the conviction.

We disagree and affirm the conviction.

                              FACTS

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

     So viewed, the evidence proved that Sergeant Donnie Jordan

of the Hampton University Police Department initiated a lawful

traffic stop of a vehicle driven by appellant on Hampton Harbor Avenue.  Hampton Harbor Avenue, which leads directly to the University library, is approximately ten yards wide and is bounded on three sides by Hampton University property.  The property consists of retail shops and residential apartments.

During the course of Jordan's investigation, he discovered that appellant's license was suspended.  As a result, Jordan advised appellant that he could not drive the vehicle.  The police subsequently recovered from either Jordan or the vehicle two handguns, a bag containing marijuana, and another bag containing $5,500 in cash.

ANALYSIS

Appellant's argument is two-fold.  First, he contends Code § 18.2-255.2[1] does not apply because the property surrounding the location of his arrest, although owned by Hampton University, is

_____

[1] At the time of the offense, the statute read, in pertinent part:

> A.  It shall be unlawful for any person to manufacture, sell or distribute or possess with intent to sell, give or distribute any controlled substance, imitation controlled substance or marijuana at any time while (i) upon the property, including buildings and grounds, of any public or private elementary, secondary, or post secondary school, or any public or private two-year or four-year institution of higher education; (ii) upon public property or any property open to public use within 1,000 feet of such school property . . . .

Code § 18.2-255.2.

-

not property of a "school" as contemplated by subpart (i) of the statute because the property is not used for educational purposes. Second, he argues the street where he was stopped is not "property open to public use" under subpart (ii) of the statute because the evidence did not show that children congregated on the property.

In evaluating appellant's arguments, we are mindful that Code § 18.2-255.2 is a penal statute and, as such, "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). But, "a statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). Moreover, "words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994) (citing Huffman v. Kite, 198 Va. 196, 199, 93 S.E.2d 328, 331 (1956)).

I.

Appellant contends that "property, including buildings and grounds," as used in subpart (i) of the statute, means property used for educational purposes, or a "campus" as that term is commonly used. Here, appellant notes, Jordan testified that the

-

property surrounding the site of the arrest is not part of Hampton University's "campus."

Even if we accept for the sake of argument that the words "buildings and grounds" refer only to property used for educational purposes or a "campus," the statute does not limit the word "property" to that term. The statute merely states that "buildings and grounds" are "include[ed]" in the definition of "property."

Here, it is clear that the arrest took place within 1,000 feet of Hampton University property. If the word "property" is to be given a definition other than its normal meaning, then it is the job of the General Assembly to do so. The statute we review in this case contains no such limitation.

## II.

Appellant also contends the street where he was stopped is not "property open to public use" under subpart (ii) of the statute, as, he alleges, that term was defined or limited by us in Smith v. Commonwealth, 26 Va. App. 620, 496 S.E.2d 117 (1998). In Smith, we emphasized that the property upon which the defendant was arrested was "open to public use" because the evidence showed that the property was "the type of place where school age children congregate." Id. at 626, 496 S.E.2d at 120.

Again, even if, for the sake of argument, we accept appellant's interpretation of our decision in Smith, appellant's argument fails. Appellant does not recognize the complete

-

language of subpart (ii) of the statute.  That language provides that an offense occurs if the controlled substance is possessed "upon public property or any property open to public use" that is within 1,000 feet of school property.  (Emphasis added.) Here, the evidence showed, and appellant concedes in his brief, that he was "stopped on a public thoroughfare."  Thus, because subpart (ii) of the statute is written in the disjunctive, the conviction stands because appellant possessed the drugs on "public property."  We need not decide whether appellant was stopped on "property open to public use."

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>

-