COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


LERONE DARNELL TOLIVER, S/K/A
 LERONE DARRELL TOLIVER
                                         OPINION BY
v.    Record No. 0015-01-2        JUDGE ROBERT J. HUMPHREYS
                                         APRIL 2, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Margaret P. Spencer, Judge

           Andrea C. Long (Boone, Beale, Cosby & Long,
           on brief), for appellant.

           Steven A. Witmer, Assistant Attorney General
           (Randolph A. Beales, Attorney General, on
           brief), for appellee.


     Lerone Darnell Toliver appeals his conviction, after a bench

trial, for possession of a controlled substance with the intent to

distribute within 1,000 feet of school property.[1]  For the reasons

that follow, we reverse and remand.

                        I.  BACKGROUND

     On May 26, 2001, Officer Robert Sprinkle, of the Richmond

Police Department, was informed that there were outstanding

warrants for Toliver's arrest.  Sprinkle was provided with

---

[1] The Conviction and Sentencing Order indicates Toliver was
also convicted of possession of heroin, possession of heroin
with intent to distribute, possession of heroin while in
possession of a firearm, possession of cocaine with intent to
distribute, malicious wounding and felony child abuse.  These
convictions are not at issue on this appeal.

information concerning Toliver, including a Wanted Poster bearing Toliver's picture, his physical description, a description of the car he had been driving and a partial license plate number, as well as a list of places where Toliver might be found.

At approximately 9:15 a.m. that same day, Sprinkle observed Toliver standing next to an open car door in the 2500 block of Phaupp Street in Richmond, one of the areas where Sprinkle was advised Toliver might be found.  Sprinkle approached Toliver and told him he needed to speak with him.  Toliver immediately fled on foot.  Sprinkle chased Toliver for "[about a block[,] [m]aybe not quite a block," before arresting him, 261.5 feet from the doors of Fairfield Elementary School.

Sprinkle searched Toliver incident to arrest and found one "baggie corner" containing .053 grams of heroin, one plastic bag with 17 "baggie corners" containing .96 grams of heroin, one plastic bag with six "baggie corners" containing crack cocaine, and loose crack cocaine, totaling .60 grams.  Sprinkle also found $418.17 and a cell phone.  Toliver was charged with possession of a controlled substance with the intent to distribute within 1,000 feet of school property, as well as several other offenses.

At trial, Richmond Detective A.J. Jones, an expert qualified to testify regarding drug distribution, testified that the items found on Toliver's person were not consistent with personal drug use.

At the close of the Commonwealth's evidence, Toliver moved to strike the charge of possession with intent to distribute within 1,000 feet of a school, arguing that the distance from the school should have been measured from where Toliver was approached by the officer and began running, instead of from where he was apprehended. The trial court denied the motion, holding:

> This is not a case where the officer said run, or where the officer said run toward the school. [Toliver], by his own motion, placed himself in a position where he was within 1,000 feet of a public or private elementary, secondary or post-secondary school.

Toliver renewed his motion to strike at the close of the evidence, and the trial court again denied it. Toliver was ultimately convicted and sentenced to five years in prison on the charge, all suspended.

On appeal, Toliver does not dispute the fact that he possessed the drugs, nor does he dispute the fact that he possessed them with the intent to distribute them. Instead, he contends that the evidence was insufficient to support his conviction, because the only evidence offered pertaining to his proximity to the school was the distance from where he was apprehended. Toliver argues that the Commonwealth should have offered evidence of his distance from the school from where he was initially approached by the officer, as he claims there was no evidence he intended to possess or deal drugs within 1,000

-

feet from the school, only that he ran toward the school in an effort to evade Officer Sprinkle.

## II.   ANALYSIS

"When the sufficiency of the evidence is challenged, we consider all the evidence, and any reasonable inferences fairly deducible therefrom, in the light most favorable to the party that prevailed at trial, which is the Commonwealth in this case."[2]  A trial court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.[3]

Code § 18.2-255.2 provides as follows, in relevant part:

> It shall be unlawful for any person to manufacture, sell or distribute or possess with intent to sell, give or distribute any controlled substance, imitation controlled substance or marijuana while (i) upon the property, including buildings and grounds, of any public or private elementary, secondary, or post[-]secondary school, or any public or private two-year or four-year institution of higher education; (ii) upon public property or any property open to public use within 1,000 feet of such school property . . . .

Toliver argues this statute applies to cases where it is proven that a defendant intended to engage in a drug transaction within 1,000 feet of a school, and not to cases where it is proven only that the defendant intended to engage in a drug transaction outside the designated zone.  We agree.

---

[2] Byers v. Commonwealth, 37 Va. App. 174, 179, 554 S.E.2d 714, 716 (2001).

[3] See Code § 8.01-680.

-

"In evaluating [Toliver's] arguments, we are mindful that Code § 18.2-255.2 is a penal statute and, as such, 'must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.'"[4] So viewed, it is clear that the statute places a geographic limitation on the necessary elements contained therein.  The language plainly prohibits the "manufacture, [sale] or distribut[ion] or possess[ion] with intent to sell, give or distribute any controlled substance . . . while . . . upon" the designated property.[5]  This particular statute does not state that it prohibits possession of a controlled substance while upon school property, or within 1,000 feet thereof, with the intent to sell, give or distribute the substance elsewhere.

The Commonwealth argues that the legislature intended no such geographical limitation on the terms of the statute and that reading into the statute such a limitation is "patently ridiculous" and would create a "right to flight," immunizing a defendant from subsequent crimes committed during flight from authorities.  However, it is "[o]ur duty . . . to interpret the law, not enact it."[6]  "'[W]hen analyzing a statute, we must

---

[4] Hughes v. Commonwealth, 33 Va. App. 405, 408, 533 S.E.2d 649, 650 (2000) (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)).

[5] Code § 18.2-255.2 (emphasis added).

[6] Barnett v. D.L. Bromwell, Inc., 4 Va. App. 552, 556, 358 S.E.2d 767, 769 (1987), rev'd en banc on other grounds, 6 Va. App. 30, 366 S.E.2d 271 (1988).

-

assume that "the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute."'"[7]  Thus, if the legislature had intended this particular statute to punish individuals for merely possessing a controlled substance while on school property, within 1,000 feet of school property, or while passing through such property, with the intent to distribute the substance elsewhere, it could have done so.  "We cannot add such additional protection to a statute . . ., nor can we rewrite a statute with language not used by the legislature."[8]

Our reading of the statute comports with the Supreme Court of Virginia's interpretation of the legislative intent behind it, as set forth in <u>Commonwealth v. Burns</u>.[9]  In <u>Burns</u>, the Court reviewed the statute and found:

> In our opinion, . . . implicit in the
> General Assembly's enactment of Code
> § 18.2-255.2, is the legislative finding
> that the threat of harm to children is
> present whether or not school is in session,
> school-related activities are being held, or
> children are present <u>when drug transactions
> take place within 1,000 feet of a school</u>.[10]

---

[7] <u>Cousar v. Peoples Drug Store</u>, 26 Va. App. 740, 745, 496 S.E.2d 670, 672 (1998) (quoting <u>City of Virginia Beach v. ESG Enters., Inc.</u>, 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (quoting <u>Barr v. Town and Country Properties</u>, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990))).

[8] <u>Id.</u> at 745, 496 S.E.2d at 673.

[9] 240 Va. 171, 395 S.E.2d 456 (1990).

[10] 240 Va. at 177, 395 S.E.2d at 459 (emphasis added).

-

In viewing the evidence in the light most favorable to the Commonwealth, here it is clear that no evidence established Toliver sold or distributed the drugs while on or near school property.  Further, there was no evidence presented to suggest that Toliver possessed the drugs with the intention of selling, giving or distributing them while on such property.  In fact, with the exception of Officer Sprinkle's general statement that he chased Toliver "not quite a block" before apprehending him, there was no evidence that established Toliver's proximity to the school when he was first observed by Sprinkle.  Indeed, the trial court made no factual finding concerning Toliver's distance from the school when Sprinkle initially approached him.  Thus, there could be no determination, without speculation, that Toliver possessed the controlled substances at issue with the intent to sell, give or distribute them while upon school property, or within 1,000 feet thereof.  Accordingly, we hold that the trial court's determination on this issue was plainly wrong and without evidence to support it and reverse his conviction.[11]

In addition, we note that Toliver's indictment on the charge at issue, labeled "00-F-3227 MPS," read "Lerone Darrell Toliver did feloniously and unlawfully manufacture, sell,

_____

[11] See Thomas v. Commonwealth, 187 Va. 265, 272, 46 S.E.2d 388, 391 (1948) ("A conclusion of guilt must be supported by credible evidence and cannot rest upon conjecture or suspicion.").

-

distribute, or possess with intent to sell, give or distribute a controlled substance, an imitation controlled substance, or marijuana upon the property of a public or private elementary, secondary, or post[-]secondary school," in violation of Code § 18.2-255.2. In convicting Toliver on the charge, the trial court stated "Mr. Toliver, the court will find you guilty of the offense[] in Indictment . . . F-00-3227." However, the conviction order in this case incorrectly states that Toliver was convicted of "possession of marijuana with intent to distribute near a school." Additionally, the Conviction and Sentencing Order incorrectly states that Toliver was convicted of "Distribution of Marijuana Near a School." Accordingly, instead of dismissing Toliver's conviction for possession of a controlled substance with the intent to distribute within 1,000 feet of school property, we remand with direction to the trial court to correct the clerical errors in the conviction order, as well as the Conviction and Sentencing Order, and then to dismiss the charge.

<u>Reversed and remanded.</u>

-