COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Humphreys
Argued at Alexandria, Virginia


KAREN LYNN ALGER

OPINION BY
v.   Record No. 0690-02-4   CHIEF JUDGE JOHANNA L. FITZPATRICK
MARCH 18, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PAGE COUNTY
John J. McGrath, Jr., Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on briefs), for
appellant.

Steven A. Witmer, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Karen Lynn Alger (appellant) appeals from her bench trial

conviction for possession of a firearm after having been convicted

of a felony in violation of Code § 18.2-308.2. On appeal, she

contends that the trial court erred in its finding that Code

§ 18.2-308.2(A) prohibited her from possessing a shotgun in her

own home. Finding no error, we affirm.

I.

The essential facts are undisputed. Appellant is a

convicted felon.[1] On September 7, 2001 deputies from the Page

County Sheriff's Office received a report of a domestic

---

[1] Appellant was convicted of grand larceny, forgery and
uttering in 1996.

disturbance and went to appellant's home.  When the deputies

arrived, they found appellant, her husband, and her adult

daughter in the house.  The husband's shirt was bloody from a

stab wound inflicted by appellant.[2]  The deputies also found a

hole in the wall consistent with a shotgun blast and asked if

there were any weapons in the home.  Appellant's husband gave

them the shotgun.  Both appellant's husband and daughter

testified that she discharged the shotgun in the house while the

husband was in the bathroom cleaning his stab wound.  Appellant

does not contest she fired the weapon and conceded she owned the

shotgun jointly with her husband.  The sole question presented

on appeal is whether the version of Code § 18.2-308.2(A) in

effect at the time prohibited appellant from possessing the

shotgun in her home.

II.

At the time of the offense, Code § 18.2-308.2(A) provided,

in pertinent part:

> It shall be unlawful for (i) any person who
> has been convicted of a felony . . . to
> knowingly and intentionally possess or
> transport any (a) firearm or (b) stun weapon
> or taser as defined in § 18.2-308.1 except in
> such person's residence or the curtilage
> thereof or to knowingly and intentionally
> carry about his person, hidden from common
> observation, any weapon described in
> subsection A of § 18.2-308.

---

[2] Appellant was convicted of assault and battery for the stabbing in a separate proceeding not at issue here.

-

Code § 18.2-308.2(A) (as amended 2001).[3]  Appellant contends that

the exception for possession inside the home or the curtilage in

the 2001 amendment applied to all firearms not just those

enumerated in clause (b), stun weapons and tasers.  Appellant

relies on Humphrey v. Commonwealth, 37 Va. App. 36, 553 S.E.2d 546

(2001), in urging us to adopt her interpretation of the statute.

This reliance, however, is misplaced.  In Humphrey, we had to

determine whether Code § 18.2-308.2 eliminated the common law

defense of necessity to one previously convicted of a felony.  We

held that "the common law defense of necessity remains available,

upon an appropriate factual predicate, as a defense to a charge

of possessing a firearm after having been convicted of a felony

under Code § 18.2-308.2."  Humphrey, 37 Va. App. at 40, 553

S.E.2d at 548.  The question of whether the statute applied only

to stun weapons and tasers or to all firearms was not before us

---

[3] The General Assembly amended Code § 18.2-308.2 effective
April 1, 2002.  Pursuant to that amendment, the statute now
provides:

> It shall be unlawful for (i) any person who
> has been convicted of a felony . . . , to
> knowingly and intentionally possess or
> transport any firearm or to knowingly and
> intentionally carry about his person, hidden
> from common observation, any weapon
> described in subsection A of § 18.2-308.
> However, such person may possess in his
> residence or the curtilage thereof a stun
> weapon or taser as defined by § 18.2-308.1.

Code § 18.2-308.2(A) (as amended 2002).

-

in _Humphrey_.  Thus, the footnote in _Humphrey_ upon which appellant relies was dicta and is not dispositive in any event.

"When analyzing a statute, we must assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute."  _Toliver v. Commonwealth_, 38 Va. App. 27, 32, 561 S.E.2d 743, 746 (2002) (internal quotations omitted).

> Under basic rules of statutory construction, we examine a statute in its _entirety_, rather than by isolating particular words or phrases.  When the language in a statute is clear and unambiguous, we are bound by the plain meaning of that language.  We must determine the General Assembly's intent from the words appearing in the statute, unless a literal construction of the statute would yield an absurd result.

_Cummings v. Fulghum_, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001) (emphasis added) (internal citations omitted).  Furthermore, "when statutory construction is required, we construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used." _Mayhew v. Commonwealth_, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995).  "Thus, a statute should be read to give reasonable effect to the words used and to promote the ability of the enactment to remedy the mischief at which it is directed."  _Id._

Applying these principles to the 2001 amendment to Code § 18.2-308.2(A), we conclude that the interpretation appellant

-

urges upon us would yield an absurd result and we, therefore, reject it. The "mischief" at which § 18.2-308.2(A) is directed is the possession of firearms by convicted felons in an attempt to prevent indiscriminate use of dangerous weapons by one previously convicted of a serious crime. See, e.g., Armstrong v. Commonwealth, 263 Va. 573, 579, 562 S.E.2d 139, 142 (2002) ("Code § 18.2-308.2 expressed a legislative intent of keeping firearms out of the hands of convicted felons."). Appellant's interpretation would vitiate the purpose of limiting a convicted felon's use of a deadly weapon. The statute, which proscribes possession of a firearm by a convicted felon and includes in its terms a mandatory penalty for a violation, is clearly indicative of a legislative intent to limit the availability of firearms to this category of law violator. It would be absurd to create an exception that would allow a convicted felon to use a deadly weapon in his home. As the trial court noted, if the legislature "meant to change something as absolutely fundamental as felons being able to possess firearms in their home or in the yard . . . that would have been made manifestly clear." We agree with this analysis. Had the legislature intended to allow convicted felons to possess firearms in their homes, it would have said so. See Hughes v. Commonwealth, 39 Va. App. 448, 573 S.E.2d 324 (2002); see also Barnes v. Commonwealth, 33 Va. App. 619, 628, 535 S.E.2d 706, 710 (2000) ("If the legislature had intended to restrict the predicate abduction offense to a specific statute,

-

it would have done so."); Reynolds v. Commonwealth, 30 Va. App. 153, 160, 515 S.E.2d 808, 811-12 (1999) ("If the legislature had intended that operators undergo a forty-hour training program for each individual type of breath test equipment, then it would have said so in the statute.").

"'Where a particular construction of a statute will result in an absurdity, some other reasonable construction which will not produce the absurdity will be found.'" Mayhew, 20 Va. App. at 489, 458 S.E.2d at 307 (quoting Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942)). Additionally, "[w]hen new provisions are added to existing legislation by amendment, we presume that, in making such amendment, the legislature acted with full knowledge of and in reference to the existing law upon the same subject and the construction placed upon it by the courts." Burke v. Commonwealth, 29 Va. App. 183, 188, 510 S.E.2d 743, 745-46 (1999) (internal quotation omitted). The 2001 amendments to the statute expanded the class of weapons that a felon may not possess to include stun weapons and tasers within its proscription. The amendment then created an exception to the general prohibition of possession of a "stun weapon or taser as defined in § 18.2-308.1" by allowing possession of those weapons in the home. Code § 18.2-308.2(A). Clearly the legislative intent is that the exception apply only to stun weapons and tasers, firearms that are limited in their ability to injure. Accordingly, we adopt this construction and

-

hold that the 2001 amendments did not permit convicted felons to possess firearms, such as the shotgun at issue here, in their residence or the curtilage thereof. This interpretation is borne out by the legislature's 2002 amendment to the statute, which makes clear that the exception it adopted applies only to stun weapons and tasers. Finding no error in the trial court's interpretation or application of the statute in this case, we affirm.

<u>Affirmed.</u>