COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


SAMUEL RALPH ROBINSON

MEMORANDUM OPINION[*] BY
v.   Record No. 0563-02-3       JUDGE JEAN HARRISON CLEMENTS
                                        MAY 13, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Clifford R. Weckstein, Judge

Amanda E. Shaw (Office of the Public
Defender, on brief), for appellant.

Jennifer R. Franklin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Samuel Ralph Robinson was convicted in a bench trial of possession of a firearm after having been convicted of a felony, in violation of Code § 18.2-308.2. On appeal, Robinson contends the trial court erred in finding that Code § 18.2-308.2(A) prohibited him from possessing a firearm in his own backyard. Finding no error, we affirm Robinson's conviction.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the

_____

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

proceedings as are necessary to the parties' understanding of the disposition of this appeal.

The facts essential to this appeal are not in dispute.  On July 11, 2001, Robinson, a previously convicted felon, possessed and fired a revolver while standing in the backyard of his residence in the City of Roanoke.  Robinson's probation officer testified that he told Robinson in 1993, after Robinson was convicted of rape, that possessing a firearm thereafter would be a crime.

On appeal, Robinson contends the version of Code § 18.2-308.2(A) in effect on July 11, 2001,[1] did not prohibit him from possessing a firearm in the curtilage of his residence.[2]  The exception set forth in the 2001 amendment to the statute, permitting possession in the residence and curtilage of the residence, applied, he argues, to all firearms, not just stun weapons and tasers.  We disagree.

---

[1] The version of Code § 18.2-308.2(A) in effect at the time of the subject offense provided, in pertinent part, as follows:

> It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any (a) firearm or (b) stun weapon or taser as defined in § 18.2-308.1 except in such person's residence or the curtilage thereof . . . .

[2] The Commonwealth does not dispute that Robinson's backyard was a part of the curtilage of his residence.

-

We addressed the same issue in <u>Alger v. Commonwealth</u>, 40 Va. App. 89, 578 S.E.2d 51 (2003). In that case, Alger argued that possessing a shotgun in her own home on September 7, 2001, was not prohibited conduct under the version of Code § 18.2-308.2(A) in effect at that time. Like Robinson, Alger contended "that the exception for possession inside the home or curtilage in the 2001 amendment applied to all firearms not just those enumerated in clause (b), stun weapons or tasers." <u>Id.</u> at 92, 578 S.E.2d at 52-53. Finding that such an interpretation "would yield an absurd result," we rejected Alger's construction of the statute and concluded that "the exception appl[ied] only to stun weapons and tasers." <u>Id.</u> at 94, 578 S.E.2d at 54. We held, therefore, "that the 2001 amendments did not permit convicted felons to possess firearms . . . in their residence or the curtilage thereof." <u>Id.</u> at 94-95, 578 S.E.2d at 54.

The same reasoning and conclusions are equally applicable here. Thus, for the reasons more particularly stated in <u>Alger</u>, we hold the trial court did not err in finding that Code § 18.2-308.2(A) prohibited Robinson from possessing a firearm in his own backyard.[3]

---

[3] Robinson also argues that his due process rights were violated because he was entitled to rely on the Code of Virginia as published when it varied from the Acts of Assembly. However, having rejected the interpretation of Code § 18.2-308.2(A) upon which Robinson's argument is based, we need not address the issue further.

-

Accordingly, we affirm Robinson's conviction.

<u>Affirmed.</u>