COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Clements and Senior Judge Willis
Argued at Richmond, Virginia


CLINTON C. QUESENBERRY, S/K/A
 CLINTON QUESSENBERRY
                                              OPINION BY
v.    Record No. 2292-02-2          JUDGE JERE M. H. WILLIS, JR.
                                             JULY 8, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Herbert C. Gill, Jr., Judge

            Ali J. Amirshahi for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Clinton C. Quesenberry was convicted in a bench trial of

possession of a firearm by a convicted felon.  On appeal, he

contends the trial court erred by finding the plastic flare

launcher he possessed was a "firearm" subject to the prohibition

of Code § 18.2-308.2.  For the reasons that follow, we affirm the

judgment of the trial court.

                            BACKGROUND

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

So viewed, the evidence disclosed that on October 23, 2001, at approximately 5:15 p.m., Officer Knouse responded to a complaint at the Shady Hill Trailer Park in Chesterfield County. When he arrived at the scene, he observed Quesenberry in the access road in front of his trailer. As he spoke with Quesenberry, who was upset because a neighbor's guest had parked in his parking space, Knouse noticed an orange plastic flare gun protruding from Quesenberry's back pocket. The neighbor's guest moved the car, and the officer left. At approximately 6:30 p.m., in response to another report of a disturbance at the trailer park, Knouse and Officer T.A. Bunker returned to the scene. They discovered Quesenberry engaged in another argument regarding the parking spaces. Bunker approached Quesenberry and asked whether he was carrying a weapon. Quesenberry said he was not, but admitted he had a flare gun in his trailer. Quesenberry retrieved the weapon from just inside the trailer's door and showed it to Bunker, who noticed it contained an expended round. He took possession of the weapon.

Gilbert Auaguirre testified he observed the argument from next door. He testified that Quesenberry produced a gun from his trailer, pointed it at "everybody," and threatened to kill them.

Ann Davis, a forensic scientist, examined the flare gun. She testified that it was designed to propel a projectile by

-

explosive force.  She explained that the flare gun fired by the same mechanism as a shotgun.

ANALYSIS

In pertinent part, Code § 18.2-308.2 provides that "[i]t shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm . . . ."  Appellant concedes he is a convicted felon and also admits he possessed the plastic flare gun.  He argues only that the flare gun is not a "firearm" within the meaning of Code § 18.2-308.2.

> [I]n order to sustain a conviction for possessing a firearm in violation of Code § 18.2-308.2, the evidence need show only that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion.  It is not necessary that the Commonwealth prove the instrument was "operable," "capable" of being fired, or had the "actual capacity to do serious harm."

Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002).  Ms. Davis testified that the flare gun Quesenberry possessed was designed to expel a projectile by means of an explosion.

Nevertheless, Quesenberry asserts that a flare gun is not included within the intent and purpose of Code § 18.2-308.2 and that its inclusion would impermissibly extend the statute, "by implication or construction . . . to embrace cases which are not

-

within [its] letter and spirit."  Berry v. City of Chesapeake, 209 Va. 525, 526, 165 S.E.2d 291, 292 (1969).

"While we construe penal statutes strictly against the Commonwealth, a statute should be read to give reasonable effect to the words used and to promote the ability of the enactment to remedy the mischief at which it is directed."  Johnson v. Commonwealth, 37 Va. App. 634, 639, 561 S.E.2d 1, 3 (2002) (internal quotations omitted).  We recently held that "[t]he 'mischief' at which § 18.2-308.2(A) is directed is the possession of firearms by convicted felons in an attempt to prevent indiscriminate use of dangerous weapons by one previously convicted of a serious crime."  Alger v. Commonwealth, 40 Va. App. 89, 93, 578 S.E.2d 51, 53 (2003). Quesenberry not only possessed the flare gun, a device capable of inflicting injury, he used it in a threatening manner, aiming it at a group of people at close range and threatening to kill them.

Quesenberry's use of an instrument designed to expel a projectile by explosive force was precisely the type of "mischief" Code § 18.2-308.2 was designed to prevent.  The flare gun clearly falls within the definition of "firearm" articulated in Armstrong.  See 263 Va. at 584, 562 S.E.2d at 145.  The trial court did not err in so finding.

For these reasons, we affirm the judgment of the trial court.

Affirmed.