COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia


ALVIN LEE PLUMLEY

                                          MEMORANDUM OPINION* BY
v.      Record No. 1799-02-3               JUDGE JEAN HARRISON CLEMENTS
                                           OCTOBER 7, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
George E. Honts, III, Judge

Robert B. Armstrong for appellant.

Richard B. Smith, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Alvin Lee Plumley was convicted on his plea of guilty of possession of a firearm after having been convicted of a felony, in violation of Code § 18.2-308.2.[1] On appeal, Plumley contends the trial court erred in denying his motion to withdraw his guilty plea before sentencing because Code § 18.2-308.2 did not prohibit him from possessing a firearm on the porch of his home. Finding no error, we affirm Plumley's conviction.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Plumley was also convicted in a bench trial of reckless handling of a firearm, in violation of Code § 18.2-56.1. He does not challenge this conviction on appeal.

The facts essential to this appeal are not in dispute. On December 4, 2001, Plumley, a previously convicted felon, fired a pistol from the porch of his residence in the Town of Glasgow, in Rockbridge County, Virginia. On February 4, 2002, he was indicted for possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2. On April 12, 2002, Plumley entered a plea of guilty to the charge and was convicted of the offense by the trial court. Prior to his sentencing on July 10, 2002, Plumley filed a motion to vacate his guilty plea and dismiss the indictment, arguing that his conduct was not proscribed by Code § 18.2-308.2 as it existed on December 4, 2001. Rejecting Plumley's interpretation of the statute, the trial court denied the motion and sentenced Plumley in accordance with the statute.

On appeal, Plumley contends he was entitled to withdraw his guilty plea before sentencing because the version of Code § 18.2-308.2 in effect on December 4, 2001, did not prohibit him from possessing a firearm within his residence or the curtilage of his residence.[2] The exception set forth in subsection A of that statute, permitting possession of certain weapons in a person's residence or the curtilage thereof, applied, he argues, to all firearms, not just stun weapons and tasers. We disagree.

"Code § 19.2-296 allows a defendant to withdraw a guilty plea before sentence is imposed." Jones v. Commonwealth, 29 Va. App. 503, 511, 513 S.E.2d 431, 435 (1999). "Whether a defendant should be permitted to withdraw a guilty plea rests within the sound discretion of the trial court to be determined based on the facts and circumstances of each case." Hall v. Commonwealth, 30

_____

[2] The version of Code § 18.2-308.2(A) in effect at the time of the subject offense provided, in pertinent part, as follows:

> It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any (a) firearm or (b) stun weapon or taser as defined by § 18.2-308.1, except in such person's residence or the curtilage thereof . . . .

Va. App. 74, 79, 515 S.E.2d 343, 346 (1999). "By definition, when the trial court makes an error of law, an abuse of discretion occurs." Bass v. Commonwealth, 31 Va. App. 373, 382, 523 S.E.2d 534, 539 (2000).

"In determining whether the trial court made an error of law, 'we review the trial court's statutory interpretations and legal conclusions *de novo*.'" Rollins v. Commonwealth, 37 Va. App. 73, 78-79, 554 S.E.2d 99, 102 (2001) (quoting Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998)). Thus, whether the trial court erred in denying Plumley's motion to withdraw his guilty plea requires a *de novo* review of the trial court's statutory interpretation of Code § 18.2-308.2(A).

We addressed the same issue in Alger v. Commonwealth, 40 Va. App. 89, 578 S.E.2d 51 (2003), petition for appeal granted, No. 030848 (Va. Sup. Ct. Order of July 21, 2003). In that case, Alger argued that possessing a shotgun in her own home on September 7, 2001, was not prohibited conduct under the version of Code § 18.2-308.2(A) in effect at that time. Like Plumley, Alger contended the statute's "exception for possession inside the home or curtilage . . . applied to all firearms[,] not just . . . stun weapons or tasers." Id. at 92, 578 S.E.2d at 52-53. Finding that such an interpretation "would yield an absurd result," we rejected Alger's construction of the statute and concluded that "the exception appl[ied] only to stun weapons and tasers." Id. at 94, 578 S.E.2d at 54. We held, therefore, that the exception set forth in Code § 18.2-308.2(A) "did not permit convicted felons to possess firearms . . . in their residence or the curtilage thereof." Id. at 94-95, 578 S.E.2d at 54.

The same reasoning and conclusions are equally applicable here. Thus, for the reasons more particularly stated in Alger, we hold the trial court did not err in finding that Code § 18.2-308.2 prohibited Plumley from possessing a firearm on the porch of his home. It follows, then, that the

trial court did not abuse its discretion in denying Plumley's motion to withdraw his guilty plea before sentencing.[3]

Accordingly, we affirm Plumley's conviction.

<u>Affirmed.</u>

---

[3] On brief, Plumley presents two additional questions: (1) whether the retroactive application of Code § 18.2-308.2, as amended subsequent to December 4, 2001, renders it an *ex post facto* law and (2) whether his conviction should be reversed. As these questions were not included in Plumley's petition for appeal and we granted no appeal on them, we do not address them here. <u>See</u> Rule 5A:12(c).