COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Felton and Kelsey
Argued at Salem, Virginia


AMOS JEFFREY HUNDLEY

v.        Record No. 1184-02-03

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WALTER S. FELTON, JR.
OCTOBER 21, 2003


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Joseph H. M. Schenk, Jr., Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

(Jerry W. Kilgore, Attorney General; Robert H. Anderson, III, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.


Amos Jeffrey Hundley was convicted in a bench trial of possession of a firearm after having

been previously convicted of a felony in violation of Code § 18.2-308.2. On appeal, he contends the

trial court erred in finding that Code § 18.2-308.2(A) prohibited him from possessing a firearm in

his own home. Finding no error, we affirm.

## BACKGROUND

The essential facts are undisputed. Prior to the events that led to this prosecution,

Hundley had been previously convicted for possession of a controlled substance with intent to

distribute and later for possession of a firearm by a convicted felon.

On September 16, 2001, Henry County deputy sheriffs responded to a 911 call from

Hundley's home. Hundley's wife told the deputies that her husband had a gun. When the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

deputies entered the home, Hundley announced that he had a gun and threatened to use it on himself or on anyone who "rushed" him. While no weapon was observed on his person, Hundley told the deputies that a weapon was nearby and that he could get his hands on it to shoot them. When one of the deputies distracted Hundley, two others charged up the stairs and overpowered him. A deputy knocked a rifle away from beside Hundley's hand just as he reached behind the door for the gun. The deputies recovered a .22 semi-automatic rifle from behind the door.

Hundley was indicted and tried for violation of Code § 18.2-308.2. He waived his right to a jury trial and was tried by the court. Following the Commonwealth's presentation of its case, Hundley moved to strike the evidence arguing that Code § 18.2-308.2, as amended in 2001, was ambiguous and void. The trial court denied his motion and ruled that the statute as written at the time of the offense allowed a convicted felon to possess only stun weapons and tasers within his residence. Hundley was convicted and sentenced to five years.

## ANALYSIS

On appeal, Hundley contends the version of Code § 18.2-308.2 in effect on September 16, 2001 did not prohibit him from possessing a firearm in his own home. The version of Code § 18.2-308.2 in effect at the time of the offense provided, in pertinent part, as follows:

> It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any (a) firearm, or (b) stun weapon or taser as defined by § 18.2-308.1 except in such person's residence or the curtilage thereof . . . .

Code § 18.2-308.2(A) (as amended in 2001).[1] Hundley argues that the exception set forth in the 2001 amendment to the statute permitted the possession of the rifle in his residence and does not limit possession to just stun weapons and tasers. We disagree.

---

[1] The General Assembly amended Code § 18.2-308.2 effective April 1, 2002. Pursuant to that amendment the statute now provides that:

- 2 -

We addressed the same issue in <u>Alger v. Commonwealth</u>, 40 Va. App. 89, 578 S.E.2d 51 (2003) <u>appeal pending</u>, Record No. 030848 (Va.). In <u>Alger</u>, the defendant asserted that it was not illegal to possess a shotgun in her own home pursuant to the same version of Code § 18.2-308.2(A) in effect at the time of Hundley's offense. Alger argued "that the exception for possession inside the home or the curtilage in the 2001 amendment applied to all firearms not just those enumerated in clause (b), stun weapons and tasers." <u>Id.</u> at 92, 578 S.E.2d at 52-53. Rejecting this statutory construction, this Court found that such an interpretation "would yield an absurd result." <u>Id.</u> at 93, 578 S.E.2d at 53. We held "that the 2001 amendments did not permit convicted felons to possess firearms . . . in their residence or the curtilage thereof." <u>Id.</u> at 94-95, 578 S.E.2d at 54.

The same reasoning and conclusions equally apply here. There is no dispute that Hundley had two prior felony convictions. Nor is it disputed that he had possession of a firearm in his home. Based on the reasoning set forth in more detail in <u>Alger</u>, we hold the trial court did not err in finding Code § 18.2-308.2 prohibited Hundley from possessing the firearm in his own home.

Accordingly, we affirm Hundley's conviction.

<u>Affirmed.</u>

---

[i]t shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or knowingly and intentionally carry about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308. However, such person may possess in his residence or the curtilage thereof a stun weapon or taser as defined in § 18.2-308.1.

Code § 18.2-308.2 (as amended in 2002).