COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

UNPUBLISHED

HILLIARD DYWANE MOORE

v.      Record No. 1113-18-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY BENNETT MALVEAUX
OCTOBER 1, 2019

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Gary A. Mills, Judge

Charles E. Haden for appellant.

Kelsey M. Bulger, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Hilliard Dywane Moore ("appellant") appeals the trial court's imposition of a five-year

mandatory minimum sentence for his conviction for possession of a firearm while in possession

of drugs with intent to distribute, in violation of Code § 18.2-308.4.  He argues that the trial court

erred because his indictment did not specifically refer to Code § 18.2-308.4(C), the subsection

which pertains to the offense and requires a five-year mandatory minimum sentence.  He further

argues that the trial court erred in imposing the mandatory minimum sentence because the

indictment did not allege, and the evidence stipulated by the parties did not prove, all the

requisite facts for Code § 18.2-308.4(C) to apply.  Finding no error, we affirm.

I.  BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light

most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'" Sidney v. Commonwealth, 280 Va. 517, 520 (2010) (quoting Murphy v. Commonwealth, 264 Va. 568, 570 (2002)).

A grand jury indicted appellant for "Possession of a Firearm While PWID [possessing with intent to distribute] Controlled Substances." The indictment specifically alleged that on or about October 6, 2016, appellant "knowingly and intentionally possess[ed] a firearm while committing or attempting to commit the illegal manufacture, sale, distribution, or the possession with intent to sell, give or distribute a controlled substance . . . , in violation of . . . [Code] § 18.2-308.4."[1]

At trial, appellant waived the reading of the indictment. When asked for his plea to "the charge [of] possession of a firearm while [in] possession with intent to distribute a controlled substance," appellant entered a guilty plea. He answered the trial court affirmatively when asked whether he fully understood the charge and the elements which would have to be proven for him to be convicted. Appellant also affirmed that his counsel had "go[ne] over that" with him and discussed what plea he should enter. When asked whether appellant's counsel had advised him of the minimum and maximum punishments for the offense, appellant replied that he had.

The trial court then informed appellant of the mandatory minimum sentence for conviction for possession of a firearm while in possession of a controlled substance, a violation of Code § 18.2-308.4(B). The Commonwealth's attorney interjected that because the indictment included the additional element of intent to distribute the controlled substance, it in fact reflected a charge under Code § 18.2-308.4(C), conviction for which would require a mandatory minimum

---

[1] Appellant was also indicted for possession of a firearm after having been convicted of a felony, in violation of Code § 18.2-308.2, and possession of cocaine with intent to distribute, third offense, in violation of Code § 18.2-248. Appellant entered guilty pleas to both offenses, and the trial court accepted his pleas. Appellant did not challenge those convictions.

sentence of five years. The trial court noted that under subsection (C) of the statute, "that would be the mandatory five," and asked appellant's counsel if he had advised appellant correctly. Counsel for appellant stated that he had "advised [appellant] correctly when we talked about it."

The Commonwealth then proffered its evidence. The proffer indicated that appellant had been the passenger in a car stopped by police after they observed a suspected counterfeit inspection sticker. When an officer smelled a strong odor of marijuana coming from within the car, he removed the driver and appellant from the vehicle. Upon searching the car, police found a small cloth bag in the seat where appellant had been sitting. The bag contained a scale and packages of suspected drugs which the Virginia Department of Forensic Science later analyzed and identified as cocaine, fentanyl, heroin, and marijuana. Appellant denied ownership of the bag but spontaneously stated to police that there was a firearm underneath his seat. Police recovered a loaded semi-automatic pistol from that location. They also found $375 "bundled separately" in appellant's back pocket. A police detective who had previously testified as an expert in drug packaging and distribution was prepared to testify that the packaged drugs and money would have been inconsistent with appellant's personal use. The Commonwealth also proffered that while appellant was being processed at the jail he told police that he had recently returned to selling drugs. In addition, the Commonwealth possessed recordings of appellant's telephone calls made from the jail. In those recordings, appellant stated that he was "caught with [a] gun and crack [cocaine]," that "everything is mine," and that he was facing substantial prison time because of the gun and quantity of drugs he had possessed. Appellant acknowledged that the Commonwealth's proffer was an accurate summary of its evidence.

The trial court accepted appellant's guilty plea after finding the evidence sufficient to convict him of "possession of a firearm while in possession of, with intent to distribute a controlled substance, in violation of . . . Code § 18.2-308.4." It also found that appellant had

entered his guilty plea freely, knowingly, voluntarily, and intelligently, with a full understanding of the nature and effect of his plea and the penalties that might be imposed upon conviction. The court noted that "[t]hat's why I wanted to make sure I was right on the mandatory minimums and make sure you understood." The court continued the matter for a sentencing hearing.

At the hearing, appellant objected to the sentencing guidelines which indicated a mandatory minimum sentence of five years. He argued that the indictment did not refer to a specific subsection of Code § 18.2-308.4 and that its language tracked the language of subsection (A), which does not include a five-year mandatory minimum. Appellant also argued that a five-year mandatory minimum sentence was inappropriate because the indictment as written was inconsistent with subsection (C), since that subsection not only refers to possession of a firearm but also includes the language, "or display such weapon in a threatening manner." Appellant maintained that the absence of the latter phrase from the indictment meant that the indictment did not include all of the elements of the offense. Appellant further noted that the proffer indicated the gun had been found beneath a car seat, and thus there had been no allegation that a weapon had been displayed.

The trial court overruled appellant's objection to the sentencing guidelines, concluding that "the indictment [was] clear" that appellant had been charged with "possession of a firearm while in possession of -- with the intent to distribute a Schedule I or II drug." Thus, Code § 18.2-308.4(C) was "the only thing [the indictment] would even apply to." Further, appellant needed only to have been in possession of a firearm and given the presence of the gun and drugs in the car and their proximity to appellant, there was a "sufficient nexus" for possession.

The trial court imposed the five-year mandatory minimum sentence required for a violation of Code § 18.2-308.4(C). Appellant appealed to this Court.

II.  ANALYSIS

Appellant argues that the trial court erred by imposing the five-year mandatory minimum sentence required for a violation of Code § 18.2-308.4(C) because the express language of the indictment made no reference to subsection (C) and did not allege that he had possessed or displayed a firearm in a threatening manner.  Appellant further contends that the trial court erred in imposing the sentence because the stipulated evidence said nothing about appellant possessing or displaying a firearm in a threatening manner, and thus the evidence was insufficient to prove a violation of Code § 18.2-308.4(C).[2]

"When considering on appeal whether an indictment charged a particular offense, we limit our scrutiny to the face of the document" while also "consider[ing] as 'incorporated by reference' the statute[] cited in the indictment."  Schwartz v. Commonwealth, 45 Va. App. 407, 427 (2005) (first quoting Moore v. Commonwealth, 27 Va. App. 192, 198 (1998), then quoting Reed v. Commonwealth, 3 Va. App. 665, 667 (1987)).  "In describing the offense, the indictment . . . may use the name given to the offense by the common law, or . . . state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged."  Code § 19.2-220.  "The indictment should also 'cite the statute . . . that defines the offense.'"  King v. Commonwealth, 40 Va. App. 193, 198 (2003) (quoting Sims v. Commonwealth, 28 Va. App. 611, 619 (1998)).  These requirements effectuate "[t]he purpose of an indictment [which] 'is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser.'"  Charles v. Commonwealth, 63 Va. App. 289, 295 (2014) (quoting Walshaw v. Commonwealth, 44

_____

[2] Appellant further argues that, for the reasons stated above, the indictment failed to provide him with adequate notice of a charge under Code § 18.2-308.4(C).  Appellant did not raise the issue of notice in his assignment of error and thus waived the issue for purposes of appellate review.  See Simmons v. Commonwealth, 63 Va. App. 69, 75 n.4 (2014) (noting that where, as here, an issue is not part of an appellant's assignment of error that issue is waived).

Va. App. 103, 109 (2004)). In keeping with this purpose, "[e]rror[s] in the citation of the statute . . . that defines the offense . . . or omission of the citation, shall not be grounds for . . . reversal of a conviction, unless the court finds that the error or omission prejudiced the accused in preparing his defense." Rule 3A:6(a); see also Code § 19.2-226(10) (providing that no indictment shall be deemed invalid "[f]or omitting or stating incorrectly the . . . [C]ode references for the particular offense or offenses covered").

"[T]o the extent the appellant's assignment of error requires 'statutory interpretation, it is a question of law reviewed *de novo* on appeal.'" Coomer v. Commonwealth, 67 Va. App. 537, 545 (2017) (quoting Grimes v. Commonwealth, 288 Va. 314, 318 (2014)). "When construing a statute, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." Cabral v. Commonwealth, 69 Va. App. 67, 71 (2018) (quoting Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 425 (2012)). "To best ascertain that intent, '[w]hen the language of a statute is unambiguous, we are bound by the plain meaning of that language.'" Gregg v. Commonwealth, 67 Va. App. 375, 383 (2017) (alteration in original) (quoting Blake v. Commonwealth, 288 Va. 375, 381 (2014)). "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction." Robinson v. Commonwealth, 68 Va. App. 602, 607 (2018) (quoting Gilliam v. Commonwealth, 21 Va. App. 519, 522-23 (1996)). Thus, "[w]hen analyzing a statute, we must assume that 'the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" Cabral, 69 Va. App. at 71 (quoting Toliver v. Commonwealth, 38 Va. App. 27, 32 (2002)).

Appellant is correct in asserting that the indictment in the instant case cites only Code § 18.2-308.4 and does not specifically note he was indicted under subsection (C), rather than under one of the other two subsections of the statute. However, there is no merit to appellant's

argument that the express language of the indictment fails to make clear that appellant was indicted under Code § 18.2-308.4(C). Here, the indictment alleged that appellant knowingly and intentionally "possess[ed] a firearm while committing or attempting to commit the illegal manufacture, sale, distribution, or the possession with intent to sell, give or distribute a controlled substance . . . , in violation of . . . [Code] § 18.2-308.4." Following this language, the indictment further characterized the charged offense as a violation of Code § 18.2-308.4 for "Possession of a Firearm While PWID [possessing with intent to distribute] Controlled Substances." The first two subsections of Code § 18.2-308.4 criminalize, respectively, possessing a controlled substance while simultaneously possessing with knowledge and intent "any firearm," or "any firearm on or about [the defendant's] person." Code § 18.2-308.4(A), (B). Both of these subsections are silent on whether a defendant intends to distribute the controlled substance while they are also in possession of a firearm. Only the third and final subsection of the statute, subsection (C), contains the language about intent to distribute which is utilized in appellant's indictment.[3] That language necessarily requires a further element to convict under Code § 18.2-308.4(C) than to convict under either subsection (A) or (B) of the statute. Thus, because appellant's indictment included language and an element required for conviction that appear in only one subsection of the cited statute—subsection (C)—the indictment is clear on its face that the offense charged was a violation of Code § 18.2-308.4(C). See Purvy v. Commonwealth, 59 Va. App. 260, 268 (2011) (noting that "when the descriptive

---

[3] Code § 18.2-308.4(C) provides, in pertinent part, that

> It shall be unlawful for any person to possess, use, or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit the illegal manufacture, sale, distribution, or the possession with the intent to manufacture, sell, or distribute a controlled substance . . . or more than one pound of marijuana.

- 7 -

text of an indictment *narrows* the factual allegation, it limits the scope of the incorporation" of the contents of a statute by citation to the statute).

Further, with respect to appellant's argument that an indictment for a violation of Code § 18.2-308.4(C) must also allege that the defendant possessed or displayed a firearm "in a threatening manner," we note that this Court has previously rejected this argument. In Wright v. Commonwealth, 53 Va. App. 266 (2009), the defendant argued that to convict him for a violation of Code § 18.2-308.4(C), "the Commonwealth was required to prove he 'possess[ed]' the firearm 'in a threatening manner.'" Id. at 281 (alteration in original). We noted that the statutory language at issue made it illegal to "possess, use, or attempt to use any pistol, shotgun, rifle, or other firearm *or* display such weapon in a threatening manner" while in possession of controlled substances with intent to distribute. Id. (quoting Code § 18.2-308.4(C)). Based upon a plain reading of the statute, we rejected the defendant's argument and held that "the phrase 'in a threatening manner' modifies only the verb 'display' immediately preceding it." Id. at 281-82. Thus, Code § 18.2-308.4(C) provides multiple bases for satisfying the firearm element of the offense and does not require for a conviction under the statute that a firearm was either possessed or displayed "in a threatening manner." Therefore, it is sufficient for an indictment for a violation of Code § 18.2-308.4(C) to allege, as here, simply that a defendant "possess[ed] a firearm" while possessing controlled substances with intent to distribute them.

Lastly, because the indictment was not required to allege that appellant possessed or displayed a firearm "in a threatening manner," the parties' stipulation was not required to include such evidence for it to be sufficient to support a conviction for a violation of Code § 18.2-308.4(C). Here, scales and a quantity of packaged drugs inconsistent with personal use were found in a bag in appellant's seat during a traffic stop. Appellant told police that there was a firearm under his seat, and police recovered a loaded pistol from that location. Appellant also

- 8 -

told police that he had recently returned to selling drugs. He subsequently stated, during recorded telephone calls, that he had been "caught with [a] gun and crack cocaine," that "everything is mine," and that he was facing a substantial sentence because of the gun and quantity of drugs he had possessed. Thus, the evidence was sufficient to prove that appellant was in possession of both a firearm and controlled substances that he intended to distribute. The indictment alleged these facts, and the parties' stipulated evidence demonstrated them. Nothing more was required to indict appellant or support his conviction for a violation of Code § 18.2-308.4(C). Consequently, the trial court did not err in imposing the five-year mandatory minimum sentence required upon a conviction for possession of a firearm while in possession of a controlled substance with intent to distribute, in violation of Code § 18.2-308.4(C).

## III.  CONCLUSION

For the foregoing reasons, we find no error and affirm the judgment of the trial court.

Affirmed.