# Richmond

EDITH MAXWELL V. COMMONWEALTH OF VIRGINIA.

November 11, 1937.

Present, All the Justices.

The opinion states the case.

*Charles Henry Smith,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Joseph L. Kelly, Jr., Special Assistant,* for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

On a former trial Edith Maxwell was convicted of murder in the first degree for killing her father, Trigg Maxwell. On review of the proceedings of that trial by this court, it

was held, by a divided court, that the Commonwealth's evidence was not sufficient to sustain a verdict of murder in the first degree, but it was sufficient to sustain a verdict of murder in the second degree. (See *Maxwell* v. *Commonwealth,* 167 Va. 490, 187 S. E. 506.) Another jury, on a second trial, found her guilty of murder in the second degree, and fixed her punishment at confinement in the penitentiary for a period of twenty years. The trial court pronounced judgment on this verdict, to which judgment the accused obtained this writ of error.

There are seventeen assignments of error. One assignment challenges the sufficiency of the evidence to sustain the verdict, one is based on the trial court's refusal to grant a change of venue, and the others deal with admission of evidence and incidents which arose during the trial.

We do not deem it necessary to discuss each of the assignments of error separately or to restate the evidence. The evidence introduced by the Commonwealth on the trial now under review was substantially the same as that introduced on the first trial, which was fully discussed in the two opinions prepared by Mr. Justice Eggleston and Mr. Justice Holt and published in the volumes cited above.

The evidence for the accused, in the case now under consideration, differs in two particulars from that introduced at the former trial, viz: (1) The accused did not take the stand in her own behalf, nor did she call as a witness her mother, Ann Maxwell, who was jointly indicted with her and charged with the commission of the same crime; (2) the accused introduced several medical experts who testified in substance that the report of the autopsy and the description of the wounds found on Trigg Maxwell's head were not, in their opinion, sufficient to conclusively establish the fact that Trigg Maxwell died from the effects of the wounds. It is on the testimony of these medical experts that the accused now contends that the Commonwealth failed to establish the *corpus delicti* beyond a reasonable doubt.

It is unnecessary to discuss this opinion evidence in detail. It is sufficient to say that two local physicians, Drs. T. J.

Tudor and G. T. Faust, at the request of some member of the deceased's family, performed an autopsy several hours after the death. These doctors appear to be unbiased, and both by training and experience to be well qualified to determine the cause of death. After a thorough examination of the wounds and the brain tissues, they testified without hesitation or equivocation that in their opinion the death of Trigg Maxwell was due solely to wounds inflicted upon his head. The jury rejected the evidence for the accused, and accepted the evidence of the medical experts who performed the autopsy, and who were in a better position than the experts for the accused to form a more accurate opinion as to the cause of death. Such being the circumstances, as disclosed by the record, it was for the jury to determine whether or not the *corpus delicti* had been established.

Accused contends that the court erred in denying her motion for a change of venue. This motion was based upon sixty-nine identical affidavits, each reading as follows:

"I am a citizen of Wise County, Virginia, residing at ................., Virginia, and have been for .... years; that I am well acquainted with the people living in and around my section, and on frequent occasions I have heard numbers of them discussing the case of the *Commonwealth* v. *Edith Maxwell*, both before and after her trial, and it is my opinion, based on these discussions, and on the scurrilous and slanderous statements published by the press and magazines about the habits, manners and customs of the people of Wise county that the minds of the people of my section have become prejudiced and inflamed against Edith Maxwell to such an extent that it would be impossible for her to have a fair and impartial trial at their hands."

The affidavits were filed, but the court ordered oral testimony to be taken for and against the motion. Thereupon the accused introduced, as witnesses, six of the same parties who had signed affidavits similar to the one quoted. The Commonwealth introduced fifteen witnesses who testified in opposition to the motion. The testimony of the accused's witnesses failed to show any indication of a general local

prejudice against her. Testimony of witnesses for the Commonwealth and the accused indicated that the case was widely discussed in the State, and that the opinion of the citizens in Wise county seemed to be about equally divided. There was no evidence indicating that the opinions expressed were anything more than casual opinions which laymen usually form from newspapers and other second hand reports of an important or unusual case.

The accused contends in her petition and brief that opinion was bitter against her because of newspaper accounts reflecting on the community. The evidence, however, affirmatively shows that if the published accounts of the killing and trial did arouse any indignation in the county, such indignation did not react against the accused, but against the newspapers and magazines that published them.

The burden was on the accused to show by affirmative evidence that a fair trial could not be had in Wise county. A motion for a change of venue is addressed to the sound discretion of the trial judge, and his action in overruling such a motion will not be reversed unless the record affirmatively shows that there has been an abuse of that discretion. *Webb* v. *Commonwealth,* 154 Va. 866, 152 S. E. 366; *Parsons* v. *Commonwealth,* 138 Va. 764, 121 S. E. 68; *Rudd* v. *Commonwealth,* 132 Va. 783, 111 S. E. 270.

It is significant to note that the record does not contain the examination of the prospective jurors on their *voir dire,* but it does contain the following notation:

"After the examination of the prospective jurors on their *voir dire,* twenty qualified jurors were selected, after which a short recess was taken, and at the conclusion of this recess a jury of twelve was selected and the jury duly impaneled, sworn and charged."

In *Bowles* v. *Commonwealth,* 103 Va. 816, 823, 48 S. E. 527, 529, this is said: "The law has provided the test as to the fitness of a person to sit upon a jury in the trial of criminal cases, and if, by applying this test, an impartial jury was in fact secured in the county where the trial was

to take place, a conclusive presumption arises that the motion for a change of venue was unfounded."

One of the grounds upon which accused relied to sustain her motion to set aside the verdict was, that four members of the jury had definite and fixed opinions as to her guilt at the time that they qualified as jurors, and this fact was unknown to her until after verdict. A number of witnesses, introduced by the accused to sustain this allegation, admitted that they had been convicted of violating the criminal laws of the State. The reputation of others for truth and veracity was proven to be bad. Each of the four jurors attacked denied they had expressed opinions hostile to the accused as attributed to them, and this denial was corroborated by other witnesses present at the time alleged opinions were expressed.

The good reputation of each of the jurors was fully established. Under these circumstances the determination of this assignment is controlled by the rule repeatedly stated by this court, namely, that such a motion is addressed to the sound discretion of the trial court, and its rulings will not be reversed unless it clearly appears that such discretion has been abused or has been arbitrarily exercised to the prejudice of the accused. *Compton* v. *Commonwealth,* 163 Va. 999, 175 S. E. 879; *Cox* v. *Commonwealth,* 157 Va. 900, 162 S. E. 178, and the authorities therein cited.

The other assignments of error deal with the admission of evidence, remarks of the trial judge in the presence of the jury, and statements and arguments of the attorney for the Commonwealth. These exceptions and assignments do not present any legal questions of general interest, nor is it difficult to apply well established principles to them. It is sufficient to say that we have carefully considered each exception and assignment separately and together, and have reached the definite conclusion that there is no reversible error in this record.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*