BERNARD RIEVES FOSTER, ALIAS, ETC. v. COMMONWEALTH OF VIRGINIA.

October 14, 1968.

Record No. 6777.

Present, All the Justices.

*John Ritchie, Jr.,* for plaintiff in error.

*William P. Bagwell, Jr., Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

SNEAD, J., delivered the opinion of the court.

Bernard Rieves Foster, alias Bernard Rease, pleaded not guilty to an indictment charging that he did on October 9, 1966 unlawfully, feloniously and burglariously break and enter a storehouse of the Virginia Alcoholic Beverage Control Board (ABC), situated at 1209 East Main street in Richmond, with intent to commit larceny therein. A jury found defendant guilty of statutory burglary as charged in the indictment and fixed his punishment at confinement in the State penitentiary for a term of ten years. After overruling defendant's motion to set aside the verdict as being contrary to the law and the evidence, the trial court, on December 2, 1966, sentenced defendant in accordance with the jury verdict. We granted defendant a writ of error to that judgment.

In his assignments of error relied upon, defendant claims in substance that the trial court erred (1) in refusing to quash the indictment because he was denied a proper preliminary hearing; (2) in refusing to provide funds for necessary expert assistance in preparation of his defense; (3) in denying his motion for a change of venue; (4) in admitting and refusing certain evidence, and (5) in refusing Instruction Z.

Raymond L. Wiltshire and James W. Bowles were also charged with burglarizing the ABC store. The same attorney was appointed by the Police Court to defend the three defendants at the preliminary hearing. The defendants agreed to the appointment and a single preliminary hearing was had.

The defendants summoned twelve witnesses for the hearing. All save one, Fred M. Block, were police officers. Included among those summoned was Lieutenant F. G. Clark, but the subpoena had not been served upon him and he was not present at the hearing. As a consequence counsel for defendants moved for a continuance which was denied. An exception was taken to the court's ruling. J. E. Gibbs, a clerk of the ABC store which was entered, and Detective P. E. Hastings testified for the Commonwealth to show sufficient cause to charge the accused with statutory burglary. Code § 19.1-106. The

defendants then called Fred M. Block who was in his place of business next to the ABC store on the morning of the alleged burglary. He testified, among other things, that he heard "hammering noises" in the liquor store, "went up the street" and "told somebody to call the police."

The defendants next called Detective E. R. Marrin, who was a witness to their arrests at the scene of the alleged crime. The Commonwealth's attorney objected to the examination of this witness and of the other police officers, suggesting that the sole purpose of defense counsel was to indulge in a "fishing expedition." Counsel for defendants argued that Marrin's evidence would be relevant to some of the motions he had made during the preliminary hearing which had been overruled, and that "the defendants have the right to present evidence to contradict what the Commonwealth has put on and to bring out other features of their case at this time." Counsel did not represent to the court that the evidence expected from the remaining eight police officers would either tend to show that no crime was committed or that any of the defendants was not connected with it. Over the objection and exception of counsel for defendants, the court refused to permit counsel to examine Marrin and the remaining witnesses, and after stating "I am satisfied that there is probable cause" certified the cases to the grand jury. After the grand jury returned a true bill the trial court appointed separate counsel, who had not represented Foster at the preliminary hearing, to defend him.

We have had occasion to consider a similar situation in the recent case of *Williams* v. *Commonwealth*, 208 Va. 724, 160 S.E.2d 781, which was decided after the writ of error in the case at bar was granted. In that case the Commonwealth's attorney introduced three witnesses at the preliminary hearing to show sufficient cause for certifying to the grand jury the charge that Williams had killed James Sarver, and then moved the court to certify the case. Counsel for defendant objected, stating that the motion was premature because they desired to call witnesses to testify on behalf of the accused. They represented to the court that they wished to call witnesses who would testify concerning an oral statement and a written confession allegedly made by the accused. One of defendant's attorneys stated: " '[W]e understand that the defendant made a statement. We feel that this is the best opportunity to bring it out. The circumstances growing out of that alleged statement.' " The other attorney for the defendant said: " 'I * * * concur * * * We should have an opportunity to

submit evidence also on the confession.' " Counsel argued, as counsel for the defendant does in the case at bar, that Code, §19.1-101 gave them the right to call witnesses for the accused. Section 19.1-101 provides:

"The judge or justice of the peace before whom any person is brought for an offense shall, as soon as may be, in the presence of such person, examine on oath the witnesses for and against him, and he may be assisted by counsel."

In holding that the trial court committed no error in overruling defense counsel's motion to quash the indictment because Williams had been denied a preliminary hearing as "required and provided by law", Mr. Justice Gordon, speaking for the court, said:

"The county judge had only one issue to decide when he presided at Williams' preliminary hearing, whether there was sufficient cause for charging Williams with murder (see Va. Code Ann. § 19.1-106 (1960 Repl. vol.)) or, in other words, whether there was reasonable ground to believe that a murder had been committed and Williams was the person who had committed the murder. * * *

"Because a preliminary hearing is essentially a screening process, the Code of Virginia prescribed as early as 1849, and still prescribes, that the examining judge or justice 'shall examine on oath the witnesses *for and against* . . . [the accused]'. (Emphasis supplied.) Code of 1849, ch. 204, § 11, now Va. Code Ann. § 19.1-101 (1960 Repl. vol.) * * * . Defense counsel therefore had the right to present evidence *for* Williams, that is, to show there was no reasonable ground for belief that Williams had committed murder. But counsel did not represent to the county judge that they wished to offer testimony for that purpose. Instead, they represented that they wished to call witnesses who would testify respecting an incriminating statement and a confession made by Williams.

* * * * * *

"* * * Neither Code § 19.1-101 nor any Rule of Court gave counsel for the accused the right to call witnesses at the preliminary hearing for the purpose of discovery. * * *." 208 Va. pp. 728, 729.

As has been said, counsel for defendants made no suggestion to the Police Court that the testimony of any of the witnesses not permitted to testify would tend to show either that the crime had not been committed or that any of the defendants had not committed the crime. A preliminary hearing may not be used for the purpose of discovery. Moreover, there has been no showing that defendant Foster was prej-

udiced by the court's action in refusing to permit the witnesses to testify. We find that the trial court committed no error in overruling Foster's motion to quash the indictment because he was denied a proper preliminary hearing.

■ The record shows that defendant's clothes were taken from him soon after his arrest and were subjected to a chemical analysis by the Federal Bureau of Investigation (F.B.I.). The results of these tests revealed paint chips on defendant's clothing identical to chips from the safe which had been tampered with inside the ABC store. At a pretrial hearing counsel for defendant moved the court "to turn over to the defendant's counsel the said clothing for the purpose of obtaining chemical examination and that the cost thereof be paid by the Commonwealth". The court observed that the report of the examination by the F.B.I. had been reviewed by counsel and denied the motion.

The defendant contends that by the denial of this motion he was deprived of his rights to equal protection and due process under the Federal Constitution. He argues that "If adequate time for preparation [by defense counsel] is required, then adequate information for preparation must also be required." Whatever may be the merit of this contention, it has no application here. The F.B.I. has no special interest in this case and would be as impartial as any chemist employed by defendant. Further, counsel did not challenge the validity of the tests nor the competency of those who performed them. This is not a case of refusing counsel adequate information by which to prepare a proper defense. On the contrary, technical tests were performed by an expert independent and impartial agency and the results were made available to and were examined by defendant's counsel. No information has been withheld from defendant in this regard.

We have been cited no case, nor have we found one requiring the State to supply an indigent defendant with technical pretrial assistance or expert testimony under such facts as are here involved, and we hold that it is not constitutionally required. See *Houghtaling v. Commonwealth*, 209 Va. 309, this day decided. The trial court did not err in overruling defendant's motion to provide funds for expert assistance in preparation of his defense.

■ At the pretrial hearing Foster's counsel moved the court below for a change of venue. He requested that the trial be had "at a Court outside of the principal circulation of the Richmond Times-Dispatch and the Richmond News Leader because the reports in these

newspapers concerning the defendant's arrest prevent his obtaining a fair trial in the circulation area of these newspapers * * *". The trial court denied the motion and counsel duly excepted to the court's action.

There was introduced as an exhibit in support of the motion for a change of venue a copy of the Richmond Times-Dispatch, dated October 10, 1966, which was the day after the alleged burglary. It contained a news story with these headlines: "POLICE CAPTURE TRIO TRYING TO ESCAPE FROM ABC STORE". The article described the incidents surrounding the capture and mentioned defendant's name, "Bernard Rieves Foster, no address", along with those of Bowles and Wiltshire as having been charged with the burglary. It stated that "Bowles and Foster were both apprehended on the second floor of the [1205 East Main street] building * * *." The defendant says in his brief that there were also filed as exhibits news stories appearing in the Richmond News Leader on October 10 and 11, 1966, which mentioned Foster's name in connection with the burglary. These two articles are not in the record before us and hence we do not know their contents. According to counsel, the headlines of one article read: "MERCHANT [Block] GETS FIRST CRIME STOP AWARD" and the other read: "THIEVES REPORTEDLY USED WALKIE-TALKIE IN ABC BREAK-IN".

The defendant argues that "the news stories surrounding the arrest of the defendant assumed his guilt", and that because of the reasonable likelihood that the prejudicial news prior to his trial would prevent a fair trial, the trial court should have granted his motion for a change of venue. He cites *Sheppard* v. *Maxwell*, 384 U.S. 333, 363, 86 S.Ct. 1507, 1522, 16 L.ed. 2d 600, 620, wherein the court stated:

"* * * [W]here there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial, the judge should continue the case until the threat abates, or transfer it to another county not so permeated with publicity."

Foster's trial was had on December 2, 1966, more than seven weeks after the news articles complained of were published. There has been no showing that any difficulty was encountered in selecting a fair and impartial jury, or that Foster was in any way prejudiced at the time of the trial by the newspaper accounts. See *Rees* v. *Commonwealth*, 203 Va. 850, 860, 127 S.E.2d 406, 413.

The burden was upon Foster to show by affirmative evidence that he could not obtain a fair trial in Richmond. This he has not done.

"A motion for a change of venue is addressed to the sound discretion of the trial judge, and his action in overruling such a motion will not be reversed unless the record affirmatively shows that there has been an abuse of that discretion." *Maxwell* v. *Commonwealth*, 169 Va. 886, 890, 193 S.E. 507, 509. We find that the trial judge did not abuse his discretion, and we hold that no error was committed in denying Foster's motion for a change of venue.

■ Sergeant H. A. Conner, a witness for the Commonwealth, testified: "[W]e had gone to investigate noises heard in that building." Counsel for defendant then objected to the statement as being hearsay and inadmissible. The court remarked: "I think it's proper evidence to show why he was there, without disclosing any act or anything of that character, but why he happened to be there, * * *." An exception was taken to the court's ruling. The statement as phrased did not violate the hearsay rule and was admissible to show why the officers went to the scene of the alleged crime. See *Fuller* v. *Commonwealth*, 201 Va. 724, 729, 113 S.E.2d 667, 670, 671.

William Newman, an architect, was called as a witness for defendant. He described in detail the composition of a small door, made of plywood and sheet metal, and its steel frame on top of the ABC building through which entry to the building was made. He also described the condition of the door after it had been broken open, and stated that the markings on it "appeared to have been made by a crowbar because the marks were two to three inches away from the frame, which would indicate something had had a lever action on it."

The defendant sought to have the witness testify as to the manner in which the door had been broken open with a crowbar and estimate the length of time it required. The Commonwealth's attorney objected to this line of questioning as being speculative and stated: "I don't see where an architect would be an expert on how a door was opened." The trial court sustained the objection. We agree with the court's ruling. There was no showing that Newman was an expert at breaking open doors. Any estimate of time required to break open the door he may have given would be purely speculative and inadmissible. Moreover, the record does not show what the answers to defense counsel's questions would have been. In the absence of such a showing Foster cannot avail himself of the alleged error. *Doughty* v. *Commonwealth*, 204 Va. 240, 244, 129 S.E.2d 664, 666.

■ Finally, defendant contends that the trial court erred in refusing his Instruction Z, which reads:

"The evidence introduced by the defendant that the time available was not sufficient to have permitted him to commit the alleged crime need not be such as to establish this as a fact in order to entitle him to an acquittal; but if it is such as to create and leave in the mind of the jury a reasonable doubt of his ability to create (sic) [complete] the crime within this time, then you shall find the defendant not guilty."

The printed record is devoid of any evidence tending to show that defendant did not have sufficient time to commit the alleged crime. That being the case, we hold that the instruction was properly refused. Moreover, the jury was clearly told in other instructions that the burden was upon the Commonwealth to prove defendant's guilt beyond a reasonable doubt; that such proof applied to every material and necessary element of the offense; that he was presumed to be innocent, and that suspicion or probability was not enough to convict. We think the jury was fully and fairly instructed in the absence of Instruction Z.

Accordingly, the judgment appealed from is

*Affirmed.*