## CIRCUIT COURT OF BOTETOURT COUNTY

Commonwealth of Virginia

v.

Gary William Keister

### November 1, 1973

By JUDGE ROSCOE B. STEPHENSON, JR.

A grand jury of Botetourt County has returned fourteen indictments each of which charges the accused with statutory burglary (i.e., breaking and entering certain buildings in the county with intent to commit larceny therein). Previous to the return of these indictments by the grand jury, the accused had been arrested on warrants which charged eleven of the same offenses now covered by eleven of the aforesaid indictments. A preliminary hearing was set for those eleven charges for which warrants were issued, and, on the date these preliminary hearings were scheduled to be heard, the attorney for the Commonwealth moved the district court for a dismissal (nolle prosequi). The eleven charges were thereupon dismissed, and the accused was released from custody.

Counsel for the accused has moved the court to quash the eleven indictments which contain the same charges as were set forth in the warrants by which the accused was previously arrested. He contends that the provisions of Section 19.1-163.1 of the Code of Virginia, 1950, as amended, requires a preliminary hearing as to these eleven charges before these cases can be considered by the grand jury and tried in this court. He concedes that the other three indictments require no preliminary hearing.

The attorney for the Commonwealth, on the other hand, contends that, since the eleven charges contained in the warrants were dismissed, the Commonwealth could

obtain valid indictments in the absence of preliminary hearings.

The precise question presented has not been directly passed on by our Supreme Court.

> Since the effective date of the Code of 1887, which eliminated Chapter 463, Acts of Assembly of 1885-86, pp. 522-523, requiring that an accused, when indicted for a felony, be sent before a justice of the peace for examination, this court (Supreme Court of Appeal of Virginia, now Supreme Court of Virginia) has consistently held that a preliminary examination of one accused of committing a felony is not necessary where an indictment has been found against him by a grand jury. *Webb v. Commonwealth*, 204 Va. 24, 30 (1963).

Code provisions pertaining to a preliminary hearing (also called preliminary examination) include Sections 19.1-101 and 19.1-163.1. Section 19.1-101 provides:

> The judge before whom any person is brought for an offense shall, as soon as may be, in the presence of such person, examine on oath the witnesses for and against him and he may be assisted by counsel.

Section 19.1-163.1, enacted in 1960, (which is the section relied upon by counsel for the accused) reads as follows:

> No person who is *arrested* on a charge of felony shall be denied a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing. (Emphasis added.)

There have been a number of cases decided since the enactment of Section 19.1-163.1 including *Webb v. Commonwealth*, 204 Va. 24 (1963); *Peyton v. Ellyson*, 207

Va. 423 (1966); *Williams v. Commonwealth*, 208 Va. 724
(1968); *Foster v. Commonwealth*, 209 Va. 297 (1968); and
*Triplett v. Commonwealth*, 212 Va. 649 (1972).

*Webb* stands for the proposition that where one is
not *arrested* prior to indictment no preliminary hearing
is required and Code Section 19.1-163.1 is inapplicable.

*Peyton* holds, among other things, that the primary
purpose of a preliminary hearing "is to ascertain whether
there is reasonable ground to believe that a crime has
been committed and the person charged is the one who
has committed it."

*Williams* and *Foster* hold that a preliminary hearing
is not to be used as a means of discovery, that it is
essentially a "screening process," and that its purpose
is to determine whether there exists reasonable grounds
to believe a crime was committed and that the party accused
committed it.

*Triplett* states that where an accused, arrested
prior to indictment, insists upon his statutory rights
to a preliminary hearing and indictment, the failure of
the trial court to adhere to those procedural requirements
is reversible error.

At first blush, therefore, it would appear that
the accused in the case at bar has no basis for claiming
a right to a preliminary hearing. Clearly reason and
logic are on the side of the Commonwealth. The attorney
for the commonwealth makes good sense when he contends
that the accused, for all practical purposes, occupies
the same status as did the accused in the *Webb* case,
*supra*. And, since a preliminary hearing cannot be used
for discovery but only to establish that reasonable grounds
exist that a felony was committed by the accused, what
possible advantage could the accused hope to reap from
such a hearing? How have his rights been prejudiced?

I have reluctantly come to the conclusion that logic
and reason are not to be employed. We are dealing here
with a statute. A separate branch of the government,
the legislature, has clearly spoken on a matter which
is constitutional and totally free from ambiguity. Since
Code Section 19.1-163.1 is a statute dealing with criminal
procedure, it should be read and considered in a light
most favorable to the accused.

The legislature has said in Section 19.1-163.1 that
"no person who is *arrested* on a charge of a felony shall

be denied a preliminary hearing." The *Webb* case, *supra*, holds that this provision means every person "*arrested* or charged with any offense *prior* to the return of the indictment." (204 Va. at page 31.) The accused (Keister) was in fact *arrested* on eleven of the pending offenses *prior* to the return of the indictments (although they were also *dismissed* before a preliminary hearing and prior to the return of the indictments). Therefore I am compelled to hold that, since Keister was *arrested* on the eleven charges prior to the return of the indictments without being afforded preliminary hearings, the eleven indictments are fatally defective and must be quashed.

The conclusion I have reached is supported in large measure by certain language taken from the *Webb* case, *supra*, found in 204 Va. at page 31, where the court, in discussing the case of *Benson v. Commonwealth*, 190 Va. 744 (1950), said:

> In the *Benson* case, *supra*, the defendant was arrested on a warrant and when he insisted upon a preliminary hearing in the police court before witnesses were allowed to appear before the grand jury, the attorney for the Commonwealth dismissed the warrant. Defendant was later indicted by the grand jury, and we held that he had no right, either statutory or constitutional, to a preliminary hearing prior to the finding of the indictment or his trial thereon.
>
> It may reasonably be assumed from the language used in Section 19.1-163.1 that it was enacted to change the effect of our holding in the *Benson* case by granting an accused the right to a preliminary hearing where he has been arrested on a warrant charging a felony before an indictment may be returned by a grand jury.

While the second paragraph of the above quotation is merely dictum, I find it to be very persuasive.

The motion to quash the eleven indictments which contain the same eleven charges for which the accused was previously arrested is accordingly sustained. The attorney for the Commonwealth may proceed anew on these eleven charges, if he be so advised, and if he does,

512

the accused shall be afforded the right to preliminary hearings as prescribed by Code Section 19.1-163.1.