Richmond

HAROLD JULIUS UPCHURCH

v.

COMMONWEALTH OF VIRGINIA

October 5, 1979.

Record No. 781771.

Present: All the Justices.

*Blair D. Mitchell* for appellant.

*Robert H. Anderson, III, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

Convicted by a jury of statutory burglary and petit larceny, the defendant, Harold Julius Upchurch, contends that his convictions are

erroneous because hearsay evidence was improperly admitted at his trial. This contention presents the sole question for decision.

The record shows that shortly after 6:00 p.m. on June 21, 1978, the proprietor of Rogerson's Market on Jefferson Avenue in Newport News closed his store and secured the premises for the night. About 12:45 a.m. the next morning, Detective Bowling of the Newport News Police Department was driving along Jefferson Avenue. As he passed Rogerson's Market, he saw the defendant, with whom he was acquainted, standing with another subject in the recessed entrance of the market. The defendant held in his hand a brown paper bag. When he and his companion saw Detective Bowling, they "took off running."

Detective Bowling turned his car around at the next intersection, and, as he "started back," he received a radio message from the police dispatcher. The message recited that an employee of a nearby Burger King had reported a "burglary in progress" at Rogerson's Market. Bowling began searching the area and soon found the defendant several blocks away, talking with a group of people in front of a "shot house." At the detective's request, the defendant returned to Rogerson's Market. There, Bowling learned that the front glass door had been broken and that $1.50 in loose change and 100 to 150 packs of cigarettes were missing from inside the store. Beneath some nearby bushes, Bowling found a brown paper bag containing loose change and approximately 50 packs of cigarettes. The bag was similar to the one Bowling had earlier observed in the defendant's hand.

The defendant was arrested and charged with the Rogerson burglary. He denied any involvement in the offense.

When, at trial, Detective Bowling commenced testifying concerning the radio report of a "burglary in progress" at Rogerson's Market, defense counsel objected on the ground that the testimony "would be hearsay evidence." Responding, the Commonwealth's Attorney stated that the testimony would lay "the foundation for the action [Detective Bowling] subsequently took." Overruling the defendant's objection, the trial court stated:

> "I'm going to let it in, ladies and gentlemen of the jury, not for the truth of what was said on the police dispatch, but simply as information received by [Detective Bowling] and what he did as a result of receiving it, but not for the fact that what was said on the radio was true."

The trial court's action was in accord with prior decisions of this court. Indeed, as the Attorney General states in his brief, "the present

case is directly controlled" by our decisions in *Fuller* v. *Commonwealth,* 201 Va. 724, 113 S.E.2d 667 (1960), and *Foster* v. *Commonwealth,* 209 Va. 297, 163 S.E.2d 565 (1968).

The *Fuller* case involved a prosecution for the murder of a policeman, Officer Padgett, who was killed when he attempted to arrest Fuller without a warrant for an assault on Jessie Brown. Over Fuller's hearsay objection, a fellow policeman was permitted to testify that, preceding the murder, Brown had reported to him and Padgett that Fuller had struck Brown on the head with an object at a certain address and that "a woman at that address 'might be dead.'" In admitting the testimony, the trial court instructed the jury that the evidence was admissible "only for the purpose of showing why the police officers arrested Fuller without a warrant." 201 Va. at 729, 113 S.E.2d at 670.

In affirming the trial court's action, we stated:

> "The hearsay rule does not operate to exclude evidence of a statement, request, or message offered for the mere purpose of explaining or throwing light on the conduct of the person to whom it was made. The evidence was admitted not for the purpose of showing the guilt or innocence of the defendant; but for the purpose of showing the reason for the police officers' action in arresting him."

201 Va. at 729, 113 S.E.2d at 670.

The *Foster* case involved a prosecution for the burglary of an ABC Store. The alleged hearsay statement there in dispute was that the police "had gone to investigate noises heard in that building." Over the accused's hearsay objection, the trial court admitted the statement, remarking that it was "proper evidence to show why [the police officer] was there." Citing *Fuller* and affirming, we said that the "statement as phrased did not violate the hearsay rule and was admissible to show why the officers went to the scene of the alleged crime." 209 Va. at 303, 163 S.E.2d at 569.

We perceive no real factual or legal difference between the present case, on the one hand, and *Fuller* and *Foster,* on the other. If any difference exists, it lies in the fact that the admonition given the jury concerning the limited purpose for admission of the disputed statement was clearer and stronger in this case than in the others. Besides specifying the one purpose for which the statement properly could be used, the trial court here twice told the jury that it could not consider the statement as evidence of the truth of the matter therein asserted.

Thus, the trial court effectively eliminated the likelihood that the jury would misuse the statement as proof of the defendant's participation in the burglary.

Finding no error in the defendant's convictions, we will affirm the judgments of the trial court.

*Affirmed.*