COURT OF APPEALS OF VIRGINIA

Present: Judges Clements, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


DERRON PLEASANT FARRAR

                                                      MEMORANDUM OPINION[*] BY

v.       Record No. 0998-05-4           JUDGE JAMES W. HALEY, JR.
                                                      JULY 5, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Ann Hunter Simpson, Judge

Scott C. Seguin (Spencer & Seguin, PLC, on brief), for appellant.

Deana A. Malek, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Derron Pleasant Farrar assigns the following as error: (1) convictions for both petit larceny and felony third offense larceny, arising from the same acts, on double jeopardy grounds; (2) the admission of "an unauthenticated NCIC report" to prove a prior conviction; and (3) the admission of a witness' alleged hearsay testimony.

I.

PROCEDURAL HISTORY

Appellant was indicted for the following: (1) two counts of attempted grand larceny with intent to sell for offenses allegedly occurring on April 8, 2004 (Code § 18.2-108.01); (2) one count of attempted grand larceny with intent to sell for an offense allegedly occurring on April 5, 2004; (3) one count of a felony third offense larceny for an offense allegedly occurring on April 5, 2004 (Code § 18.2-104); and (4) one count of grand larceny for an offense allegedly occurring

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

on April 5, 2004 (Code § 18.2-95). The trial court dismissed the indictment involving the attempted grand larceny with intent to sell. A jury found appellant not guilty of the April 8 charges, but guilty of felony third offense larceny and petit larceny from April 5. In accordance with the jury's recommendation, the trial court sentenced appellant to five years incarceration for the felony and twelve months incarceration for the misdemeanor.[1]

## II.

## FACTS

The facts relevant to this appeal can be succinctly stated.

On April 5, 2004, Betsy Sarli, a cashier at Rite-Aid, saw appellant fill a basket with items, walk out of the store without paying, and drive away. Thereafter and on that same day, Lisa Vansumerin, an assistant store manager, arrived at the store to conduct an inventory.[2] Sarli testified that she related the details of the incident to Vansumerin and described the perpetrator as a "tall, black male with the cap that I described earlier."[3] Sarli identified appellant as the perpetrator at trial.

Three days later on April 8, 2004 and while Vansumerin was present, appellant again entered Rite Aid. Vansumerin saw him put a number of items in a basket, walk out without paying for them, and drive away. Vansumerian testified that she stood by the door as appellant left the store. She noted the license plate number and called the police. Police arrested appellant within the hour. Vansumerin also identified appellant at trial.

___

[1] The sentencing order erroneously states that the offense date for the petty larceny conviction was "04/08/2004", rather than April 5, 2004.

[2] Vansumerin determined that items stolen on April 5 were valued at $1,119.78.

[3] Sarli had earlier testified: ". . . I distinctly remember because he had a tan hat with a hound's tooth pattern to it."

A.

The testimony surrounding appellant's hearsay objection is as follows:

On direct examination, Vansumerin testified, "[On April 5 Sarli] had said a gentleman had walked out of the store with a basket and she went on to describe what he looked like . . . ." At this point, defense counsel stated, "Judge, I'm going to object to hearsay, whatever [Sarli] told her. . . . It's hearsay, Judge. It's an out of court statement as far as what she [Sarli] said that day . . . ." The trial court overruled the objection.

Vansumerin's examination continued as follows:

> Q: And what description were you given from Ms. Sarli?
>
> A: She said that there was a tall older gentleman with a hat, a cap that was shaped kind of funny, like a golfer's hat, and she explained the color of it and that he was tall. He was an older man and he had grayish hair and described his facial features.
>
>      \*     \*     \*     \*     \*     \*     \*
>
> Q. And what drew your attention to this defendant?
>
>      \*     \*     \*     \*     \*     \*     \*
>
> A. They were very expensive razors. . . . just caught my eye with the description that [Sarli] had given me and with the basket.
>
>      \*     \*     \*     \*     \*     \*     \*
>
> Q. And you say the description. What [he was] wearing?
>
> A. Yes.

On cross-examination Vansumerin testified with respect to the April 8 theft as follows:

> Q. Then at some point you said you had a feeling, right?
>
> A. I recognized the description.
>
> Q. An elderly black male with a hat.
>
> A. The hat was very descriptive.

- 3 -

Q. So you had a feeling and you said you went up and blocked the door at that point.

A. Just stood by the door.

       *      *      *      *      *      *      *

Q. Okay. Looking at my client the whole time?

A. Yes.

       *      *      *      *      *      *      *

Q. The only reason you sat there at the door and stared at my client when he had a basket was because you believed he was the person from April 5th. Is that it in a nutshell?

A. From the description, yes.

B.

In accordance with the provisions of Code § 18.2-104, the Commonwealth was required to prove that appellant had been previously convicted, at least twice, of larcenous offenses. Towards that end, the Commonwealth introduced, without objection, a certified copy of a conviction for concealment from the General District Court of Fairfax County dated June 3, 1998.

The Commonwealth had also previously given notice that it planned to introduce a June 30, 1998 conviction for concealment from that same court. However, the original record of this conviction could not be found in the archives of the Fairfax General District Court and, thus, a certified copy could not be made. Instead, the Commonwealth sought to introduce a redacted copy of the Defendant's NCIC report.[4] This report, in pertinent part, recited, "FAIRFAX CO GEN DIST. 06/30/1998 . . . CONCEALMENT . . . LARCENY . . . GUILTY---MSDMR." The

---

[4] The report was redacted to eliminate any record of appellant's other convictions and only show the two Fairfax County General District Court convictions.

NCIC report also contained appellant's full name; race; place and date of birth; social security number; and physical description, which included height, weight, and color of hair and eyes.

Deputy Jamie Walker, who had arrested appellant, testified that NCIC stands for the National Crime Information Central, that it is a national conviction database administered by the FBI, and that he was a licensed NCIC operator. Walker testified that when he arrested appellant he requested and received the offered NCIC report and that all identifying information on the received report matched that of appellant.

When the Commonwealth sought to introduce the redacted NCIC report, defense counsel objected. The following constitutes the basis for appellant's objection to the NCIC report, as addressed to the trial court in separate exchanges contained in the record:

> Counsel: [I]t's a hearsay document . . . I'm saying it's hearsay . . . .
>
> \*       \*       \*       \*       \*       \*       \*
>
> Court: Objection?
>
> Counsel: Just the objection I made earlier, Your Honor. I note it at this time again as far as it being a hearsay document.
>
> Court: That's the only grounds on which you are objecting to it?
>
> Counsel: Judge, yes. . . . I think it is a hearsay document. . . .
>
> Court: Are you objecting to the authentication?
>
> Counsel: No. Just that it's a hearsay objection because I still think it's hearsay.

### III.

### ANALYSIS

### A.

On brief, the Commonwealth concedes appellant's first assignment of error. Generally speaking, "we are not bound by concessions of law by the parties." Epps v. Commonwealth, 47

Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*). See also Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E. 2d 771, 773 (2005) (*en banc*). Here, however, we agree with the Commonwealth's concession, and note that "where, in a single trial, a defendant is convicted of a lesser included offense and the greater offense, the proper remedy is to vacate both the conviction and sentence of the lesser included offense while leaving in place the conviction and sentence on the greater offense." Buchanan v. Commonwealth, 238 Va. 389, 415, 384 S.E.2d 757, 772 (1989) (quoting Brown v. Commonwealth, 222 Va. 111, 116, 279 S.E.2d 142, 145 (1981)). Accordingly, the appropriate remedy, as appellant argues on brief, is to dismiss the conviction of the lesser offense, here petit larceny. We so order.

B.

Also, and as quoted above, appellant assigned as error the trial court's admission of "an unauthenticated NCIC report." As the exchange between the trial court and counsel makes abundantly clear, no such objection was made in the trial court, despite the trial court's specific inquiry as to such grounds. Thus, counsel never gave the trial court the opportunity to address that specific objection. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488. See also Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991). Accordingly, Rule 5A:18 bars consideration of this assignment of error.

C.

Hearsay evidence is "testimony in court . . . of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein . . ." Jenkins v. Commonwealth, 254 Va. 333. 338, 492 S.E.2d 131, 134 (1997). See also Taylor v. Commonwealth, 28 Va. App. 1, 9, 502 S.E.2d 113, 117 (1998) (*en banc*). "The hearsay rule does not operate to exclude evidence of a statement, request, or message offered for the mere

purpose of explaining or throwing light on the conduct of the person to whom it is made."
Decipher, Inc. v. iTRiBE, Inc., 262 Va. 588, 595, 553 S.E.2d 718, 722 (2001) (quoting Fuller v. Commonwealth, 201 Va. 724, 728, 113 S.E.2d 667, 670 (1960)). See also Winston v. Commonwealth, 268 Va. 591-92, 604 S.E.2d 21, 36 (2004); Weeks v. Commonwealth, 248 Va. 460, 477, 450 S.E.2d 379, 390 (1994). Furthermore, these decisions follow "the modern trend toward including within the definition of hearsay the provision that evidence is hearsay *only* when offered for the truth of the matters asserted in the out-of-court declaration." Friend, Law of Evidence in Virginia, §18.1 (5th ed. 1999) (emphasis in original).

In Foster v Commonwealth, a police officer testified that "[he and other officers] had gone to investigate noises heard in that building." 209 Va. 297, 303, 163 S.E.2d 565, 569 (1968). Responding to appellant's argument that the statement was inadmissible hearsay, the Supreme Court of Virginia held that "[t]he statement as phrased did not violate the hearsay rule and was admissible to show why the officers went to the scene of the alleged crime." Id.

The instant issue thus becomes whether Vansumerin's testimony, relating the description of appellant given to her by Sarli on April 5, was offered for the truth of the same. The testimony was not offered to prove that appellant actually was "a tall older gentleman" wearing a distinctive hat. Rather, as the above quotations from the record demonstrate, Vansumerin's testimony on this point was offered to show *why* she directed her attention toward appellant on April 8, and why she stood at the door of the store to observe him, note his license plate number, and alert the police. Clearly, this testimony was not offered for its truth and, accordingly, it is not hearsay. Thus, appellant's assignment of error on this point is denied.

IV.

For the foregoing reasons, we reverse and dismiss appellant's petit larceny conviction and affirm his other conviction.

<u>Affirmed in part, reversed in part and dismissed.</u>