COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, McClanahan and Haley
Argued at Richmond, Virginia


JOSHUA TYREE MURPHY

                                         MEMORANDUM OPINION[*] BY

v.       Record No. 0485-09-2                 JUDGE LARRY G. ELDER
                                             MARCH 23, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Catherine M. French, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(William C. Mims, Attorney General, on brief), for appellee.


Joshua Tyree Murphy (appellant) appeals from his bench trial convictions for possession of

heroin with intent to distribute and possession of cocaine with intent to distribute, both in violation

of Code § 18.2-248; and possession with intent to distribute a controlled substance within 1,000 feet

of a school in violation of Code § 18.2-255.2. On appeal, he argues that the trial court erred when it

(1) found all ten individually packaged substances contained heroin, even though only five were

chemically tested; (2) held the evidence sufficient to prove appellant possessed the requisite intent

to distribute the contraband; (3) allowed evidence of his prior criminal contact with law

enforcement; (4) considered incorrectly calculated sentencing guidelines; and (5) permitted a

witness for the Commonwealth to testify at the sentencing hearing as an expert in gang culture

where the evidence was insufficient to establish that the witness was qualified as an expert.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon consideration of the totality of the evidence, we hold the evidence is sufficient to prove that appellant possessed the cocaine and heroin with intent to distribute. We further hold that appellant suffered no undue prejudice from the admission of statements implicating appellant in prior criminal acts. Next, we hold that because the trial court imposed a sentence within the statutory sentencing range, any issue concerning the guidelines calculation was harmless. Finally, we hold the trial court did not abuse its discretion in permitting the Commonwealth's witness to testify as an expert in gang culture during the sentencing phase of appellant's bench trial. Accordingly, we affirm appellant's convictions and sentences.

I.

ANALYSIS

A.

SUFFICIENCY OF THE EVIDENCE

Appellant first argues the evidence was insufficient to prove an intent to distribute cocaine and heroin. He contends the evidence does not exclude the reasonable hypothesis of innocence that he possessed the cocaine and heroin for personal use. Appellant further avers that the trial court erred in considering the ten plastic bag corners of heroin as evidence of such intent because the contents of only five of the bag corners were tested and identified as heroin. Appellant urges this Court to adopt the approach taken by other jurisdictions to hold that it is unreasonable to infer from the totality of the circumstances that the remaining five bag corners contained heroin based solely upon the trial judge's visual comparison of the untested bags with those tested. We disagree.

When a defendant contests the sufficiency of the evidence, the appellate court must review the evidence that tends to support the conviction and uphold the trial court's judgment unless it is plainly wrong or without evidence to support it. Commonwealth v. Duncan, 267 Va. 377, 384, 593 S.E.2d 210, 214 (2004). A reviewing court does not "'ask itself whether *it* believes that the

evidence at the trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006).  Instead, we ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Prieto v. Commonwealth, 278 Va. 366, 401, 682 S.E.2d 910, 928 (2009) (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)).

To be found guilty under Code § 18.2-248, the accused must possess "the controlled substance contemporaneously with his intention to distribute that substance." Craddock v. Commonwealth, 40 Va. App. 539, 553, 580 S.E.2d 454, 461 (2003).  Similarly, the accused violates Code § 18.2-255.2 upon "the 'manufacture, [sale] or distribution or possession with intent to sell, give or distribute any controlled substance . . . while . . . upon' the designated property." Toliver v. Commonwealth, 38 Va. App. 27, 32, 561 S.E.2d 743, 746 (2002) (quoting Code § 18.2-255.2) (alterations in original).  The sufficiency issue appellant raises on appeal applies equally to both criminal statutes:  whether he possessed the intent to distribute the controlled substances.

The Commonwealth may establish the requisite intent to distribute contraband using circumstantial evidence.  See Williams v. Commonwealth, 278 Va. 190, 194, 677 S.E.2d 280, 282 (2009); Harper v. Commonwealth, 49 Va. App. 517, 521, 642 S.E.2d 779, 781 (2007). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  "However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Further, the surrounding circumstances must not be

viewed in isolation. See Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004). "'While no single piece of evidence may be sufficient, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."'" Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (quoting Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979)).

Factors that may indicate the defendant intended to distribute the illegal drugs in his possession include the "possession of a quantity [of drugs] greater than that ordinarily possessed for one's personal use," Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 180 (1988) (en banc), "the method of packaging of the controlled substance," any "unusual amount of money which suggests profit from consummation of sales," Servis v. Commonwealth, 6 Va. App. 507, 524-25, 371 S.E.2d 156, 165 (1988), and "the absence of any paraphernalia suggestive of personal use," Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc). "Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use." Askew v. Commonwealth, 40 Va. App. 104, 109, 578 S.E.2d 58, 61 (2003).

Here, as Detectives Sprinkle and Gochenour pursued appellant, they observed several items fall from appellant's pocket as he, too, fell to the ground. The items were two plastic bags containing substances suspected to be narcotics. Forensic analysis determined that one of the plastic bags held three plastic bag corners each containing a rock of cocaine. The contents weighed a combined total of 0.966 gram. The second bag held ten plastic bag corners, each containing a tan solid substance. The contents of only five of those bags were analyzed, and the test results confirmed that the contents were heroin.[1] This evidence proved that appellant "possessed two

---

[1] At the conclusion of the Commonwealth's evidence, the trial court examined the contents of all ten bags and determined that "the unexamined bag corners and what's in those bag corners appears to me to be indistinguishable visually from those that were examined." Accordingly, the

disparate drugs," cocaine and heroin, "a factor leading to the conclusion that he was engaging in the business of drug distribution." Williams, 278 Va. at 194, 677 S.E.2d at 282. Moreover, the police did not discover any ingestion device or drug use paraphernalia on or near appellant's person. The drugs attributed to appellant were individually packaged. Finally, a search incident to the arrest revealed $61 in various denominations and two cell phones.

Significantly, Detective Sprinkle testified in his capacity as an expert in street-level narcotics distribution that while the small quantity of packages of cocaine would indicate personal use, the combined weight of cocaine exceeded that which a user would ordinarily possess. Sprinkle further testified that cocaine users typically have burned fingers, a characteristic appellant lacked at the time of his arrest. This evidence led Sprinkle to conclude that appellant's possession of the cocaine was inconsistent with personal use. Sprinkle's testimony further established that heroin users typically can only afford "one hit," but appellant possessed a minimum of five packages of heroin. The aggregate value of this evidence excludes all reasonable hypotheses of innocence and necessarily compels our ruling that appellant possessed the requisite intent to distribute.

We decline to reach appellant's argument concerning the number of packages of heroin tested because we conclude the totality of the circumstances, without chemical confirmation of the contents of the untested packages of suspected heroin, is sufficient to support the trial court's finding that appellant had the intent to distribute the substances in his possession that were confirmed to be drugs. Indeed, we previously addressed this very issue where we held that "when a portion of an unknown substance is tested and confirmed to be a controlled substance, it is not unreasonable for the fact finder to infer that the entire amount is the same controlled substance if the totality of the circumstances supports that inference." Williams v. Commonwealth, 52 Va. App.

_____

trial court held that "it is a reasonable inference to be drawn that the substances that were not analyzed are also heroin because of the way that it appears and the way that it was packaged and carried by [appellant]."

194, 204, 662 S.E.2d 627, 632 (2008) (involving ten pills that appeared identical, contained identical markings, and were determined by the scientist who tested one of them, which he confirmed was methadone, to be visually "consistent with a pharmaceutical preparation containing Methadone"), aff'd, 278 Va. 190, 677 S.E.2d. 280 (2009).  On appeal, the Supreme Court of Virginia found no error in the "determination that the evidence at trial was sufficient to support Williams' conviction of possession of methadone with intent to distribute."  278 Va. at 195, 677 S.E.2d at 283.  In so holding, however, it relied only on the substances that tested positive for methadone and two other drugs and declined to rule whether a trial court may reasonably infer the contents of untested substances with an identical appearance.  Accordingly, we likewise decline to address this question because we hold the evidence independently establishes appellant's intent to distribute.

B.

PRIOR CRIMINAL ACTS EVIDENCE

Appellant next argues the trial court erred in permitting Detective Sprinkle to testify regarding appellant's prior contact with law enforcement.  Specifically, Sprinkle testified that on May 29, 2008, he and Gochenour pulled into the parking lot of an apartment complex looking specifically for appellant because he had outstanding arrest warrants.  Over appellant's objection, Sprinkle testified that he was familiar with appellant because Sprinkle "had made a controlled purchase of narcotics from him sometime prior."  Appellant characterizes this statement as impermissible prior crimes evidence.  Because the reason for the stop did not relate to an element of the offenses or motion to suppress before the trial court, appellant argues the statement's undue prejudice outweighs its probative value.

"Evidence that shows or tends to show a defendant has committed a prior crime generally is inadmissible to prove the crime charged."  Guill v. Commonwealth, 255 Va. 134, 138, 495

S.E.2d 489, 491 (1998); see Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 233 (1993). However, this exclusionary rule does not apply if the evidence has some purpose other than "showing the commission of the particular crime charged." Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

In Fuller v. Commonwealth, 201 Va. 724, 113 S.E.2d 667 (1960), the Supreme Court of Virginia held that "[t]he hearsay rule does not operate to exclude evidence of a statement . . . for the purpose of showing the reason for the police officers' action in arresting [the defendant]." Id. at 729, 113 S.E.2d at 670. The Court extended this rationale to allow evidence implicating a defendant in prior criminal acts if it was used for the sole purpose of establishing the foundation for police actions. See Upchurch v. Commonwealth, 220 Va. 408, 410, 258 S.E.2d 506, 508 (1979) (finding "no real factual or legal difference between" the use of hearsay statements and statements implicating the defendant in an unproven crime so long as the trial court specifies the statement's proper purpose).

The Commonwealth argued at trial and on brief that the contested statement simply "establishe[d] that [Sprinkle] knows [appellant] and that it's going to go towards establishing why [Sprinkle] stopped [appellant] on that date." Settled principles require us to presume the trial judge "'disregard[s] potentially prejudicial comments and [separates] . . . the admissible from the inadmissible, even though he has heard both.'" Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997) (quoting Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981)). This presumption is rebutted only "where the judge's rulings indicate otherwise." Wilson, 16 Va. App. at 223, 429 S.E.2d at 236. In this case, there is no affirmative evidence in the record that indicates the trial court, sitting as fact-finder, considered appellant's prior contact with police as probative evidence of his guilt. Indeed, apart from the testimony that prompted appellant's initial objection, no additional mention of this prior controlled purchase

was made during appellant's trial or when the trial court issued its ruling. Because the evidence was used to establish Sprinkle's familiarity with appellant and the trial court did not indicate it used the challenged evidence for an improper purpose, we find no error in the trial court's ruling.

C.

CALCULATION OF SENTENCING GUIDELINES

Appellant next challenges the trial court's reliance on incorrectly calculated sentencing guidelines as reversible error. At the sentencing phase of appellant's trial, the parties informed the trial court that appellant had been sentenced in an unrelated proceeding a month earlier, but an updated presentence report had not been prepared. At a subsequent hearing, the trial court reviewed the updated presentence report, and appellant confirmed that the information contained therein was correct. Upon consideration of the sentencing guidelines, the trial court sentenced appellant to twenty years for possession of cocaine with intent to distribute, fifteen years for possession of heroin with intent to distribute, and five years for possession of a controlled substance with the intent to distribute within 1,000 feet of a school. The trial court suspended twenty-five years of the total sentence, leaving fifteen years to serve for the three convictions.

Appellant contends that the current primary offense was incorrectly scored under section C as two counts of possession with intent to distribute, second or subsequent offense. Appellant contends the primary offenses should have been scored under section B instead, which would have lowered the guidelines because the offenses would not have been calculated as subsequent offenses. This argument is without merit.

"The sentencing guidelines are not binding on the trial judge." Hunt v. Commonwealth, 25 Va. App. 395, 404, 488 S.E.2d 672, 677 (1997). Rather, they are a tool designed to assist the judge in fixing an appropriate punishment. Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993). Indeed, Code § 19.2-298.01(F) states: "The failure to follow any or all

the provisions of [the sentencing guidelines] or the failure to follow any or all the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief."

"In view of this broad statutory exemption from appeal, . . . the trial [court's] consideration of" any particular "factor in applying the discretionary sentencing guidelines provides no bases for review of [an accused's] sentence on appeal." Luttrell v. Commonwealth, 42 Va. App. 461, 468, 592 S.E.2d 752, 755 (2004). Accordingly, we may only consider whether the sentence fell outside the permissible statutory range. See Smith v. Commonwealth, 26 Va. App. 620, 626, 496 S.E.2d 117, 120 (1998); Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994).

Here, appellant was convicted of two counts of possession with intent to distribute controlled substances in violation of Code § 18.2-248, and possession with intent to distribute a controlled substance within 1,000 feet of a school in violation of Code § 18.2-255.2. Code § 18.2-248(C) provides, in pertinent part, that an accused "shall upon conviction be imprisoned for not less than five nor more than 40 years." Code § 18.2-255.2(B) provides, in pertinent part, that an accused "shall, upon conviction, be imprisoned for a term of not less than one year nor more than five years and fined not more than $100,000."

The trial court imposed a sentence of twenty years for possession of cocaine with the intent to distribute conviction, fifteen years for possession of heroin with the intent to distribute, and five years for possession of a controlled substance with the intent to distribute within 1,000 feet of a school. These sentences were well within the statutory sentencing range established by the General Assembly and thus outside the scope of our review.

- 9 -

D.

EXPERT OPINION TESTIMONY

Appellant's final challenge contends the trial court erred in permitting Sprinkle to testify at the sentencing hearing as an expert in gang culture because no evidence in the record demonstrates Sprinkle's expertise in gang identification. Due to Sprinkle's assignment to the gang unit of the Richmond Police Department, the trial court received his opinion on gang culture as expert testimony.

"Whether a witness is qualified to render an expert opinion is a question submitted to the sound discretion of the trial court." Mohajer v. Commonwealth, 40 Va. App. 312, 320, 579 S.E.2d 359, 363 (2003) (en banc) (quoting Combs v. Norfolk & W. Ry. Co., 256 Va. 490, 496, 507 S.E.2d 355, 358 (1998)). Furthermore, "the record must show that the proffered expert witness has sufficient knowledge, skill, or experience to render [him] competent to testify as an expert on the subject matter of the inquiry." Id. An expert's specialty in one field does not automatically render him competent to testify in another related field. See Molina v. Commonwealth, 47 Va. App. 338, 367-68, 624 S.E.2d 83, 97 (2006) (limiting the testimony of an expert in psychopharmacology to the effects of certain drugs on a person diagnosed with bipolar disease, but excluding his testimony generally describing bipolar disease as it related to a person who had not been a patient of the expert).

The subject matter of the expert's testimony must be "beyond a lay person's common knowledge and . . . assist the trier of fact in understanding the evidence or in determining a fact in issue." Utz v. Commonwealth, 28 Va. App. 411, 423, 505 S.E.2d 380, 386 (1998). Expert testimony is often required to assist triers of fact in matters pertaining to gang membership and identification because "'a person of normal intelligence and experience cannot [otherwise] make a competent decision.'" Id. (quoting Swiney v. Overby, 237 Va. 231, 233, 377 S.E.2d 372, 374

(1989)); see Corado v. Commonwealth, 47 Va. App. 315, 331-32, 623 S.E.2d 452, 460 (2005) (holding the issue of whether the defendant was a leader in a gang was not a matter of common knowledge and, thus, was an appropriate subject matter for expert testimony).

Appellant contends nothing in the record shows Sprinkle's knowledge of gang culture qualified him to identify gang members by their tattoos. This argument lacks merit. Sprinkle's assignment as a member of the Richmond Police Department's gang unit was "[t]o identify gang members in specific gangs within the city and prosecute them when gang-related offenses occur." Sprinkle had been assigned to the gang unit for four years, which included "approximately 200 hours of specialized training dealing with gang recognition and identification and prosecution." Sprinkle had previously testified as an expert in gang culture "four or five times." Accordingly, the trial court did not err in qualifying Sprinkle as an expert in gang culture and identification. See Utz, 28 Va. App. at 424, 505 S.E.2d at 386 ("An expert need not acquire his [or her] knowledge through personal experience" as long as he possesses "specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue" (quoting State v. Campbell, 901 P.2d 1050, 1056 (Wash. Ct. App. 1995)) (alterations in original)).

Further, the trial court did not err in permitting Sprinkle to testify at the sentencing hearing regarding tattoos as a part of his expert opinion because there is a logical connection between tattoos and the broader subject of gang identification. Sprinkle identified appellant as a member of the Ville Boys gang because, inter alia, appellant had a tattoo on his body that said "Ville Boys." Sprinkle testified the tattoo was significant to his opinion because only those people who "have permission from the leaders of the gang" may acquire tattoos brandishing the gang name, and individuals lacking such authorization faced retribution from gang members ranging from simple to aggravated assault. Based on Sprinkle's experience, members of the

Ville Boys gang have similar tattoos on their bodies.  Based on Sprinkle's expert opinion, a logical connection exists between appellant's tattoo of "Ville Boys" and Sprinkle's testimony that appellant was affiliated with that gang.  Accordingly, Sprinkle did not have to qualify as an expert in tattoos in order to render an opinion on the subject because it fell within his expertise in identifying gang members.

## II.

## CONCLUSION

For the reasons set forth above, we affirm appellant's convictions and sentences.

<u>Affirmed.</u>